ROBINSON GILL & another *vs.* CHARLES P. HERRICK & another,

A contractor, who was building a house for the defendant, employed the plaintiff to furnish the stone, but failed to pay him, and the defendant promised the plaintiff orally that if he would go on and finish his work he himself would pay him, but the contractor was not discharged from his liability to the plaintiff. *Held*, that the defendant's promise was within the statute of frauds.

CONTRACT by Robinson Gill and Charles L. Peacock against Charles P. Herrick and Silas W. Merrill. The first count alleged that the defendants owed the plaintiffs on an account annexed, "the same being for materials furnished and labor performed for the defendant Herrick, and the payment of said sum having been guaranteed to the plaintiffs by the defendant Merrill before the furnishing of the materials or labor." The account annexed was for materials and labor on a block of houses. The second count alleged that the defendant Herrick made an agreement with the plaintiffs to furnish him materials and labor for a block of houses; that after the plaintiffs had begun to furnish materials and labor he did not perform his part of the agreement; that the plaintiffs then refused to go on; that the defendant Merrill then guaranteed that the plaintiffs should be paid for the materials and labor

furnished and to be furnished by them; and that the plaintiffs continued to furnish materials and labor according to the terms of the contract and the account annexed, and by reason of the guaranty. Herrick was defaulted. Merrill, in his answer, set up the statute of frauds.

At the trial in the Superior Court, before *Putnam*, J., the plaintiff Peacock testified as follows:

" In October 1869, I made an agreement with the defendant Herrick to furnish freestone for four houses, which he was building for the defendant Merrill. Under that agreement, I went on to do a portion of the work, until payment became due. I asked payment of Herrick, but he refused, on the ground that he had no money, but finally I took Herrick's note for the amount due, $700. This note became due and was not paid. I went to Herrick, who told me he could do nothing about it, and requested me to see Merrill, as he was guaranteeing some of the bills, and I accordingly went to Merrill and told him that I had been furnishing this stone, and had taken Herrick's note, which had not been paid, and that Herrick had sent me to him, telling me that he was guaranteeing some of the claims on the house, and would probably provide for me, as he was advancing money on the houses. Merrill said he would pay me the balance which was due on my contract with Herrick, amounting to about $1500, provided I would go on and finish the houses. This I declined to do until I could find out whether I could collect the note. I saw Merrill some time afterwards, and on January 29, Merrill agreed to give me his own note to take up Herrick's note, and when the work was all done by me, to give me his note for $800 more, and to pay the balance of my bill, provided the houses sold for enough over $11,000 each to pay the balance. Merrill gave me his note accordingly for $713.80, to take up Herrick's note, and afterwards, on February 17, gave me the other note of $800, as he agreed to. I afterwards asked him for payment of the balance, but he said he had not yet sold the houses, and did not know what they would bring. I said I preferred to enforce my lien than to risk anything, to which Merrill replied, that he would rather not have me do so, as he did not wish any trouble or delay

about it. I then asked him what his advances would be, to which he replied that they would probably be $10,000 or $10,500 ; that he did not know but he might be called upon to pay for the heating apparatus, and if he did not, he would pay my bill in any event. Merrill said he would guarantee the balance due under the agreement ; all the agreement Merrill made was in the nature of a guaranty of Herrick's contract ; I did not understand it any other way ; he gave me no writing except the note as before stated." The plaintiffs also put in evidence, against Merrill's objection, the four deeds of the four houses from Merrill to various grantors, in which the consideration for each house paid to him was respectively $15,000, $15,500, $15,500, and $16,000.

On this evidence, Merrill contended that the contract between him and the plaintiffs was within the statute of frauds. The judge so ruled, ordered a verdict for Merrill, which was returned, and reported the case for the consideration of this court. If the ruling was correct, judgment to be entered for Merrill ; if it was incorrect, the verdict to be set aside and the case remanded for a new trial.

*B. E. Perry & S. W. Creech*, for the plaintiffs.

*C. T. Russell*, for Merrill.

CHAPMAN, C. J. This is an action against Herrick and Merrill. The declaration alleges that it is for materials furnished and labor performed for the defendant Herrick, (according to the account annexed,) " and the payment of said sum having been guaranteed to the plaintiffs by the defendant Merrill before the furnishing of the materials or labor." A second count alleges that the guaranty was at a later period. The defendant Merrill sets up the statute of frauds.

It appears by the report that the contract was originally made between the plaintiffs and Herrick. The work was to be done in the erection of houses for Merrill. In the progress of the work, Merrill made none but oral promises to make any payments for the work and materials, the liability of Herrick was preserved, and the declaration is against both. The promise of the defendant Merrill was to answer for the debt of another, and is within

the statute of frauds. *Ames* v. *Foster,* 106 Mass. 400, and cases cited. *Brightman* v. *Hicks,* 108 Mass. 246.

*Judgment for the defendant Merrill.*