Holt *v.* County Broadcasting Corp.

----

HILLIS W. HOLT *vs.* COUNTY BROADCASTING CORPORATION.

Middlesex. November 8, 1961. — December 19, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Practice, Civil,* Amendment; Ordering verdict; Exceptions: what questions open; Charge to jury; Verdict. *Damages,* For breach of contract.

In an action on a contract for engineering services between the plaintiff and the defendant, there was no abuse of discretion in allowing the plaintiff, after the close of the evidence, to amend the declaration, which originally had alleged that the plaintiff had performed all the services

and that the defendant had failed to pay therefor, so as to allege that the defendant had terminated the contract unjustifiably during the plaintiff's performance. [366]

A motion that a verdict for the defendant be directed in an action for breach of a contract should be denied where there is evidence of a breach entitling the plaintiff to nominal damages at least. [366]

The question whether the plaintiff in an action for breach of a contract is entitled to more than nominal damages is not open to the defendant in this court on an exception by him to denial of a motion that a verdict be directed in his favor. [366]

The record in an action for breach of a contract for engineering services to be performed by the plaintiff for the defendant disclosed no error in disposition of a motion for a new trial by the defendant on the ground of excessive damages by an order for a new trial unless the plaintiff should make a remittitur in a specified amount. [366–367]

In an action for breach of contract, an inadvertent use of the word "breached" in a statement by the judge in his charge that the defendant "admits that it breached the contract, repudiated the contract, but says . . . [it was] justified" was sufficiently corrected by substitution of the word "repudiated." [367]

The record in an action for breach of contract disclosed no inadequacy or error in certain additional instructions as to damages given in response to a question by the jury after they had retired. [367]

In an action where there was a declaration in set-off and a verdict for the original plaintiff on his claim against the original defendant, a colloquy between the judge and the foreman of the jury and the jury's response to the clerk showed that a verdict, as finally recorded, for the original plaintiff as defendant in set-off on the claim in set-off correctly reflected the intention of the jury. [367–368]

CONTRACT. Writ in the First District Court of Southern Middlesex dated January 23, 1959.

Upon removal to the Superior Court the action was tried before *Noonan, J.*

*John M. Bashaw,* for the defendant.

*Albert W. Wunderly,* for the plaintiff.

CUTTER, J. This is an action of contract. The original declaration alleged that Holt had made a contract to perform for the defendant (County) certain work in the construction of an antenna, that Holt performed all of his duties, but that County failed to pay therefor as agreed. After the evidence was closed, Holt filed a motion to amend his declaration to allege a written contract between the parties and an unwarranted termination thereof by County during the course of Holt's performance. County declared

in set-off that Holt had failed to perform pursuant to the contract and that County had been obliged to hire another to complete the work. There was a verdict of $2,475 (later reduced by remittitur to $1,150) for Holt in his action and a verdict "for the defendant" (see *infra*) on the declaration in set-off. The case is here on County's bill of exceptions.

Holt was hired by County to perform services of supervision, design, testing, and qualifying (for Federal Communications Commission permits) in connection with the construction in Marlboro of a commercial radio broadcasting station. The agreed price was $2,750. The sum of $900 had been paid by County to Holt prior to the commencement of this action. On December 12, 1958, County informed Holt by letter that County considered the contract terminated. Holt did no further work. At the time of his receipt of the December 12 letter the required engineering services were incomplete. County hired a substitute engineer to complete the work. There was evidence that a fair charge for the substitute's services was $2,725.89. "On the issue of . . . [Holt's] damages there was no evidence as to any item of expense incident to . . . completion of the contract after cessation of work by him . . . [or] as to any item of . . . expense with reference to the work done . . . prior to cessation of work . . . . No opinion evidence was submitted . . . as to time necessary to complete his engineering services after cessation of work by him. There was evidence . . . that the engineering services performed by the plaintiff prior to cessation of work . . . were performed personally and that the . . . services . . . not completed . . . could have been performed by him personally."

Shortly prior to the termination of the contract, Holt "had been engaged in making field tests of the broadcasting signal, which tests were required by the Federal Communications Commission for final approval of the station's permit." There was evidence "that the time necessary for a competent radio engineer to complete the necessary field

testing was less than the time elapsed between . . . [Holt's] commencement of field testing and cessation thereof by" Holt about the time of the contract termination. There was also testimony that Holt "had other work to do for other people that came first."

1. The circumstances of the admission of a letter from Holt to County on December 13, 1958, are not shown by the bill of exceptions. There is nothing to indicate that its admission was either erroneous or prejudicial.

2. The allowance of the motion to amend was within the discretion of the trial judge. No abuse of discretion has been established. See G. L. c. 231, § 51; *Finnegan* v. *Checker Taxi Co.* 300 Mass. 62, 65–66; *Duquenoy* v. *Dorgan,* 341 Mass. 28, 30 (allowance of an amendment was sustained where the defendants "must have understood . . . the real cause for which the action was brought").

3. A motion for a directed verdict was properly denied. County argues only that there was inadequate evidence of damages. There was evidence of breach of the contract which entitled the plaintiff at least to nominal damages. *King Features Syndicate, Inc.* v. *Cape Cod Bdcst. Co. Inc.* 317 Mass. 652, 655. *Driscoll* v. *Bunar,* 328 Mass. 398, 403. An "exception to the denial of a motion to direct a verdict does not open up for review the question that the plaintiff should not have recovered more than nominal damages." *Nathan* v. *Tremont Storage Warehouse, Inc.* 328 Mass. 168, 171. *Sullivan* v. *H. P. Hood & Sons, Inc.* 341 Mass. 216, 223.

4. County seems to have attempted to raise much the same question of damages by its motion for a new trial, which resulted in an order for such a new trial unless Holt should remit $1,325 of the verdict. One ground of the motion was "an excess of damages, in law and on the pleadings and evidence." Many of the statements in the bill of exceptions (especially those pertaining to the motion for a new trial and to the evidence on damages) are ambiguous. Although the evidence of substantial damage is extremely slight, we cannot say that there was no basis in the evidence

summarized for inferences by the jury that prior to December Holt had done a substantial part of the contract work and that the contract price and the price paid to the substitute engineer afforded some measure of the value of work done by Holt.

5. The judge in his charge stated that County "admits that it breached [*sic*] the contract, repudiated the contract, but says . . . [it was] justified." Although there was no showing that County admitted a breach, the use of the word "breached" by the judge was clearly only a slip of the tongue. It was promptly and adequately corrected by the substitution of the apt word "repudiated."

6. The judge, in response to a question propounded by the jury after they had retired "as to the . . . extent of damages in the case involving breach of contract," gave certain further instructions. The original charge is not included in the bill of exceptions. There is inadequate indication of the precise form of the question and of the discussion when it was asked. Reference to the $900 payment on account would have been appropriate in connection with any complete instruction upon the measure of damages. It has not been shown, however, that any mention of the $900 payment by County to Holt was called for by the jury's question, or by the circumstances in which the question was asked, or that such mention was specifically requested by County at the time of, or after, the additional instructions. See *Donnelly* v. *Larkin*, 327 Mass. 287, 289; *Reid* v. *Hathaway Bakeries, Inc.* 333 Mass. 485, 487. See also *Bloomberg* v. *Greylock Bdcst. Co.* 342 Mass. 542, 551. Cf. *Decoteau* v. *Truedsson*, 339 Mass. 759, 762–763; *Thornton* v. *First Natl. Stores, Inc.* 340 Mass. 222, 227.

7. When the jury returned their verdict of $2,475 for Holt in his action, the clerk stated the verdict submitted by the foreman as follows: "In the action of County . . . , plaintiff in set-off, the original defendant, against . . . Holt, defendant in set-off, the original plaintiff, the jury find for the defendant." The foreman then indicated some confusion and said, "we found for the plaintiff in the sec-

ond part." The judge then said, "Well, this is the second case. You, having found for the plaintiff in the first case, the original case, it would be inconsistent to return a verdict for the plaintiff in set-off. Understand that . . . County . . . is what we call the plaintiff in the set-off case, but they are the defendant in the original case. THE FOREMAN. I see." THE JUDGE. "Having found against the defendant in the original case, you couldn't find— THE FOREMAN. Correct." THE JUDGE. —"for it [in] the second case. THE FOREMAN. Yes." THE JUDGE. "That verdict may be taken over again, the second verdict. THE CLERK. In the action of County Broadcasting Corporation, the plaintiff in set-off, the original defendant, against Hillis W. Holt, the defendant in set-off, the original plaintiff, the jury find for the defendant. So say you, Mr. Foreman? THE FOREMAN. Yes, sir. THE CLERK. So say you all, members of the jury?"

We are of opinion that the jury presented the verdict as it was finally recorded. The judge correctly interpreted their intention.

*Exceptions overruled.*