BERTHA N. MacDONALD vs. GLADYS STACK.

Essex. March 7, 1963. — April 3, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Frauds, Statute of. Contract, Consideration. Damages, For breach of contract.*

An oral promise by a woman to her sister to pay their father's hospital and medical bills, made in consideration of the promisee's undertaking to make a home for their father, was not a promise to answer for the debt of another within the statute of frauds. [710–711]

In an action by a woman against her sister for breach of the defendant's promise to pay a hospital bill of their father, with whom the plaintiff owned real estate as joint tenants at the time of his death, an attachment on the property in a pending action by the hospital for the amount of its bill, made when the property had been owned by the plaintiff and her father as tenants in common, entitled her to at least nominal damages. [711]

The fact that in the circumstances two sisters were under a statutory obligation and recognized their moral obligation to care for their father did not render unenforceable a promise made by one of them to the other to pay their father's hospital and medical bills. [711]

CONTRACT. Writ in the Superior Court dated June 18, 1960.

Count 1 of the declaration sought damages for breach of a promise made by the defendant to the plaintiff to pay their father's hospital and medical bills. The action was tried before *Sullivan, J.*

*Stanley A. McDonald* for the plaintiff.

*Myron F. Tuross* for the defendant.

WHITTEMORE, J. These are the plaintiff's exceptions to the direction of verdicts for the defendant on the plaintiff's opening statement to the jury.

The opening stated facts, within count 1 of the declaration, in part as follows: The parties are sisters. In 1942, while the sisters' father was living with the defendant in Gloucester, the defendant took a new job in Salem and wished to move to Ipswich where her husband worked. She

MacDonald v. Stack.

"wanted to get rid of father" and asked the plaintiff to take him. When the plaintiff objected that her husband's earnings were small and they had four children, the defendant proposed that the plaintiff with her family move into an unoccupied and run-down house in Gloucester owned by the father and make a home for him there. The defendant agreed, in consideration of the plaintiff's undertaking to do this, to pay the father's hospital and medical bills, to help out with other things, "clothes, and his needs," and to "talk father into giving . . . [the plaintiff] the house so that you will have it . . . [when he dies] free and clear." It was also agreed that the plaintiff was to pay the father as "rent" $25 a month to be applied "to the upkeep of the house, taxes, and so forth." Both parties, in most respects, performed the agreement until the father's death in 1957. The defendant "talked father" into putting the house into his name and the plaintiff's as joint tenants.

In 1957, while the father was in a nursing home after a stay in the hospital of several months, the defendant obtained the father's signature on a "folded over" paper which was, in fact, a deed which transferred the ownership of the house into a tenancy in common, but which he was told was a paper which "will get you some money from the City." The hospital then attached the house for the amount of the hospital bill. When the father was informed what the paper was, he immediately recreated the joint tenancy. The action by the hospital is pending; the amount of the attachment is $2,000.

The defence of the statute of frauds, duly pleaded, is inapplicable. Even if the promisee had been the creditor, the case would fall "within a class . . . in which the essence of the transaction is . . . the obtaining of some . . . benefit, by the promisor from the promisee, and the payment of the . . . debt of a third person in accordance with the promise is merely incidental and not the real object of the transaction." *Colpitts* v. *L. C. Fisher Co.* 289 Mass. 232, 234. See for comprehensive review of our cases, *ibid.*, 234–237. See also *Shawsheen Manor Corp.* v. *Colantino,*

329 Mass. 715, 717–718. Additionally, however, as the promisee was not the creditor, this case is analogous to those which hold that a promise to the debtor, rather than to the creditor, is not within the statute. *Sokol* v. *Nathanson,* 317 Mass. 325, 327. (Promisor was required to perform her agreement with the plaintiffs to pay sums due on a mortgage note which encumbered real estate which one plaintiff held on an oral trust for the defendant.) *Kearney* v. *Mechanics Natl. Bank,* 343 Mass. 699, 701.

The defendant contends that the direction of a verdict was right as no damages are shown to have resulted from the breach of the contract to pay the hospital bills. We disagree. The existence of the encumbrance on the plaintiff's real estate is a harm for which in contract the plaintiff would be entitled to at least nominal damages. *Corbett* v. *Derman Shoe Co.* 338 Mass. 405, 412. *Holt* v. *County Bdcst. Corp.* 343 Mass. 363, 366. If, as is likely, the precise damages will be determined before the case is tried, the plaintiff, having had a cause when the writ was brought, may show such damages. She was not obliged to wait, before bringing suit, until the hospital's action went to judgment with the possibility of being unable to prevail against an asserted defence of the statute of limitations. Although set up in the answer, the defendant rightly does not now argue that the statute of limitations is a bar, the hospital services having been rendered in 1957 and the action begun in 1960.

It does not defeat the contract that both sisters in certain circumstances were under a statutory obligation in respect of the care of a parent, or that the agreement and their conduct under it, and apart from it, showed that each recognized a moral obligation. This particular arrangement at the defendant's request served her purpose at the time, and could be embodied in an enforceable contract.

The second count is in quantum meruit. We see no basis for such recovery on the facts stated in the opening but leave the disposition of the count to the trial judge on a retrial.

*Exceptions sustained.*