*Southern District*
## DANIEL F. HAYES
### v.
## ROLAND D. BOULAY
### and
## NATHANIEL GUY

*Present*: Nash, P. J., Owen & Lee, JJ.

Case tried to *Horrocks, J.* in the Third District Court of Bristol. No. 1171.

*Lee, J.* This is an action of contract against two defendants, Roland D. Boulay, a builder, and Nathaniel Guy, the owner, for materials supplied and labor performed in the construction of a new home. There was a finding for the plaintiff against Boulay on 3 counts in each instance in the sum of $590.88. Boulay did not appeal.

There were findings for the plaintiff in the amount of $263.49 as against Guy on counts 4, 5, and 6 individually. Guy did not appeal. Guy filed 5 requests for rulings. The trial judge denied No. 1 and No. 3 and allowed Nos. 2, 4, and 5. The plaintiff claims to be aggrieved by the allowance of the defendant Guy's requests 2, 4, and 5.

The report is lengthy and detailed in setting out the evidence and the trial judge's findings of fact. We concern ourselves here with the evidence and facts dealing with the allowance of defendant Guy's requests ##2, 4, and 5 and the questions of law involved.

In regard to request #2, there was evidence and the trial judge found as a fact that the plaintiff did rough wiring for Boulay and looked to him for payment and he further found that the defendant Guy, later, orally promised to pay Hayes for this rough wiring

if he would put in the electrical service at the house. Since this promise of Guy as to payment for the rough wiring purported to add to his liability the continuing liability on the part of the principal debtor, namely Boulay, and this promise being oral, it is alleged by the defendant Guy that this is within the Statute of Frauds, G. L. c. 259, §1, and should have been in writing. *Collins v. Abrams,* 276 Mass. 106; *Grill v. Herrick,* 111 Mass. 501; *Curtis v. Brown,* 5 Cush. 488; *Ribuck v. Canner,* 218 Mass. 5.

 The defense of the Statute of Frauds in this instance does not apply. This case comes within the exception to the statute in that it falls within a class wherein the real purpose of the transaction was the obtaining of a benefit from the promisee by the promisor and the promise to pay the debt of a third person is merely incidental and not the real object of the transaction. *McDonald v. Stack,* 1963 AS 505; *Colpitts v. L. C. Fisher Co.,* 289 Mass. 232. In this case the defendant Guy was to receive the benefit of electrical service installation from Hayes and this was the real object of the transaction and his promise to pay for the rough wiring in behalf of Boulay was merely incidental to this purpose and therefore the statute does not apply.

 Request #4 alleges a variance between the allegations in the 4th and 5th counts of the amended declaration and the evidence introduced at the trial. Generally the objection of variance between the declaration and

the proof is regarded as technical and is not favored in the courts. Such a variance must be material and radical requiring different kinds and degrees of proof and the application of different rules of law. An examination of this report indicates no such radical or material departure between the allegations and the proof and the request should not have been allowed. *Shaw v. Boston & Worcester, RR,* 8 Gray 45, 72.

The fifth request that the evidence warrants a finding for the defendant is in error for the reasons set forth in our discussion of request #2.

There being prejudicial error in the court's allowance of requests 2, 4, and 5 the case is remanded to the court for findings consistent with this opinion. *So ordered.*

Edward J. Harrington, Jr., of New Bedford, for the Plaintiff.

Robert L. Genesky, of New Bedford, for the Defendant Guy.