DANIEL F. HAYES vs. NATHANIEL GUY.

Bristol.  February 3, 1965. — April 5, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Frauds, Statute of. Contract, Building contract, Implied contract. Pleading, Civil, Declaration. Practice, Civil, Requests, rulings and instructions.*

Where the general contractor on a building construction project hired an electrical subcontractor to do the rough wiring and was to pay the subcontractor therefor, and after the rough wiring was completed the owner, desiring to have "the electrical service hooked up" before the time contemplated in the general contract, orally promised the subcontractor to pay for the rough wiring if he "would put in the service," the owner's promise was not "to answer for the debt" of the general contractor respecting the rough wiring and was not within the statute of frauds, G. L. c. 259, § 1, Second.  [756–757]

A building contractor who has fully performed a contract may recover the agreed price on an account annexed.  [757]

In an action heard by a judge, there was no inconsistency between a finding made by the judge and warranted by the evidence and a previous ruling that the evidence warranted the contrary finding.  [757]

CONTRACT.  Writ in the Third District Court of Bristol dated May 26, 1960.

The action was heard by *Horrocks, J.*

*Robert L. Genensky* for the defendant.

*Edward J. Harrington, Jr.,* for the plaintiff, submitted a brief.

SPALDING, J.  The plaintiff brought this action against Roland D. Boulay (Boulay) and Nathaniel Guy (Guy) for materials supplied and labor performed.  Boulay was the general contractor for the construction of a dwelling house

for Guy. The plaintiff was a subcontractor for electrical work. The basis of the action is a claim for rough wiring against both Guy and Boulay and two additional claims solely against Guy for electrical service and extras. The judge found against Boulay on the claim for rough wiring and against Guy on the claims for electrical service and extras. He found for Guy on the claim for rough wiring.

The judge granted several of Guy's requests for rulings. On report to the Appellate Division it was held that the granting of these requests was error and a finding against Guy on the rough wiring claim was ordered. Guy appealed.[1]

Facts found by the judge include the following: Boulay and Guy entered into a contract for the construction of a house which was to be completed within four months of July 28, 1959. Boulay, in turn, hired the plaintiff to do the rough wiring. While the plaintiff assumed he had been hired to do the entire electrical job, there was no definite agreement for anything other than the rough work. It was understood that the plaintiff was to be paid by Boulay when the wiring was completed and Boulay had received his payment under the progress payment clause of his contract with Guy. On February 25, 1960, Guy ordered the plaintiff to make changes which departed from the plans furnished the plaintiff by Boulay. Boulay was never a party to the arrangement, nor was he notified of the changes in accordance with his contract with Guy.

In March, after the rough wiring was done, "Guy wished to have the electrical service hooked up." Under his contract with Boulay, the time for doing this had not arrived. Guy, who was "having trouble with Boulay," approached the plaintiff and "asked him to put in the electrical service for which he would pay him."[2] Guy also promised to pay for the rough wiring if the plaintiff "would put in the service."

---

[1] Boulay is not a party to this appeal.

[2] There was evidence to the effect that Boulay was having difficulty in paying his subcontractors and that they were not "show[ing] up on time."

The principal question is whether this oral promise to pay for the rough wiring is within the statute of frauds. The issue was raised by Guy's answer and his second request. We are concerned with that portion of the statute (G. L. c. 259, § 1, Second) which provides that oral contracts based "upon a special promise to answer for the debt, default or misdoings of another" are unenforceable.

The plaintiff contends that Boulay was in debt to him for the rough wiring. Hence, it is argued, Guy's oral promise to pay the plaintiff was within the statute. It is true, as the defendant has argued, that the existence of independent consideration for a promise does not in itself take the case out of the operation of the statute. *Washington & Devonshire Realty Co. Inc.* v. *Freedman,* 263 Mass. 554, 559. *Kahn* v. *Waldman,* 283 Mass. 391. However, it does not follow from this that Guy's promise is within the statute.

There is a well established exception which takes an oral promise out of the statute "where the promisor receives something from the promisee for his own benefit." *Paul* v. *Wilbur,* 189 Mass. 48, 52, and cases cited. "The theory . . . is that if the promisor is himself acquiring property or other pecuniary benefit, he is engaging not to pay the debt of another, but his own." Williston, Contracts (3d ed.) § 472. An unqualified statement of the exception, however, is misleading. It has received a more limited interpretation. See *Colpitts* v. *L. C. Fisher Co.* 289 Mass. 232, 234; *Kalker* v. *Bailen,* 290 Mass. 202, 205–206. The basic question is one of determining whether this case "falls within a class of cases in which the essence of the transaction is . . . the obtaining of some . . . benefit, by the promisor from the promisee, and the payment of the continuing debt of a third person in accordance with the promise is merely incidental and not the real object of the transaction." *Colpitts* v. *L. C. Fisher Co., supra,* at 234, and cases cited. *MacDonald* v. *Stack,* 345 Mass. 709, 710. The rule, while easy to state, is often difficult to apply.

Applying this test to the case at bar, we agree with the Appellate Division that Guy's promise to pay for the rough

wiring comes within the exception. The findings indicate that his purpose was to get electrical service "hooked up" prior to the time it was to be done under his contract with Boulay; this was a direct benefit to Guy. The plaintiff was under no obligation to either Guy or Boulay to perform this work. The fact that Boulay's debt would be extinguished was purely incidental. We see no merit to Guy's argument, which finds no support in the findings or the evidence, that the real objective of his promise was to keep the contract going for the benefit of all.

The defendant relies heavily on *Collins* v. *Abrams,* 276 Mass. 106, a case which bears some resemblance to the case at hand. But, there is a significant difference. The promise in the *Collins* case was that "the defendant would see that the plaintiff was paid"; not that he would pay. This indicates an intent that the defendant was only guaranteeing the payment of the debt of the general contractor. See *Nelson* v. *Boynton,* 3 Met. 396, 400, and *Stone* v. *Walker,* 13 Gray, 613, 615, where this distinction was noted.

As the Appellate Division held, the judge's ruling (Guy's fourth request) that there was a material variance between the allegations and proof of the claims relating to the rough wiring was erroneous. Each claim was contained in an account annexed. It is settled that recovery may be had on an account annexed in cases where money is due under a contract, provided the plaintiff has fully performed his part of the contract. *Pizer* v. *Hunt,* 253 Mass. 321, 329. *Egan* v. *Massachusetts Bonding & Ins. Co.* 266 Mass. 270, 273. *Searls* v. *Loring,* 275 Mass. 403, 407. That was the situation here. Thus there was no material variance.

No error is shown with respect to the defendant's fifth request. In granting it the judge ruled that a finding was warranted that there was no agreement by Guy to pay the plaintiff for the rough wiring. But he found, as he could have, that there was such an agreement. This was not inconsistent.

*Order of Appellate Division affirmed.*