*Western District*

## SUPERIOR PLUMBING AND HEATING, Inc.

v.

## HAROLD SWETLAND

and

## WILBRAHAM COLONIAL ENTERPRISES

Argued: Dec. 7, 1966 Decided: Dec. 12, 1966

*Present:* Garvey, P.J., Moore, and Allen, J.J.

Case tried to *Donohue, J.* in the District Court of Springfield #182969

GARVEY, P.J. In this action of contract, after a trial, there was a finding for the plaintiff against the defendant Swetland (defendant) on a count for work and materials and on a count in *quantum meruit*. Swetland pleaded a general denial and payment. Wilbraham Colonial Enterprises (the corporation) did not answer and was defaulted.

It appears from the reported evidence and the judge's special findings that the plaintiff, under an oral agreement, did plumbing work commencing about August 14, 1964 for the corporation, which was engaged in a housing development. Some of the corporation checks issued to the plaintiff in payment for its work were protested because of insufficient funds. In December the principal officer of the plaintiff, and the defendant Swetland, who was the principal officer of the corporation met to discuss the matter. The plaintiff made known that because of the shaky financial condition of the corporation it would do no more work for it. Swetland requested the plaintiff to work for him which it agreed to do. Thereafter all charges for work performed by the plaintiff were billed to the defendant personally.

All payments for this work were made by the corporation's checks.

The defendant says he is aggrieved by the denial of his request "on all the law there shall be a finding for the said defendant [Swetland]."

Assuming the request to be in proper form there was no error.

█ The judge found that the plaintiff after refusing to continue to work for the corporation was engaged by the defendant to work for him personally. There is nothing in the reported evidence to indicate the defendant disputes he made such an agreement and he does not argue this point. Having made it he is bound by it. *Hayes* v. *Guy,* 348 Mass. 754. *Swartz* v. *Lieberman,* 323 Mass. 109.

█ Neither was there error in allowing three additional requests of the defendant, with a notation "but I find that the work was performed for the defendant Swetland as an individual". These requests directed the judge's attention to the principle of law that an officer or stockholder cannot be held liable in the absence of a statute, for the debts of a corporation. This was not an issue in the case. The action against the defendant was based on his promise to pay—not because he was an officer of the corporation. "In order to pose a request requiring a judicial answer it must relate to a fact or to a factual aspect of the case that is dispositive or decisive of an issue in the case." *Stella* v. *Curtis,* 348 Mass. 458, 462.

██ Because a claim was asserted against the corporation does not help the defendant.

██ Neither does the acceptance by the plaintiff of the corporation's checks in payment of bills rendered to the defendant.

The report is to be dismissed.

CHARLES D. CANAVAN of Springfield,
for the plaintiff

ALLEN, YERRALL, APPLETON AND THOMPSON
of Springfield
for the defendant