*Municipal Court of the City of Boston*

No. 167321

**ALEXANDER M. RUTENBURG**

v.

**ALFRED WEINBAUM, et al**

No. 178332

**HYMAN A. HERSHMAN**

v.

**ALFRED WEINBAUM, et al**

Argued: Nov. 8, 1968    Decided: Nov. 14, 1968

*Present:* Adlow, C.J., Riley, Lewiton, J.J.

Cases tried to *Gorassi, Sp. J.* in the Municipal Court of the City of Boston

ADLOW, C. J. These two causes come before this court in a consolidated report. In the case of *Rutenberg* v. *Weinbaum et als* the plaintiff seeks to recover the sum of $525.00 for medical services rendered to the mother of the defendants. In the case of *Hershman* v. *Weinbaum et als* the plaintiff seeks to recover the sum of $720.00 for medical services rendered to the mother of the defendants. The defendants deny the claim and in defense plead the Statute of Frauds—more specifically "that if the services described in the declaration were rendered to a person other than the defendant under any agreement or promise by him, such agreement or promise was not in writing and, therefore, the plaintiff cannot recover."

The plaintiffs are licensed physicians: the defendants are brothers, and are the sons of Toba Weinbaum. *There was evidence that* in February 1963, Dr. Hershman had a conversation with the defendants Harry Weinbaum and Jack Weinbaum. Their mother was present at the conference. At this time the doctor told them

that the mother needed a serious operation; that both Harry and Jack Weinbaum said that they would pay for the operation; that they would pay all her bills over and above Blue Cross and Blue Shield, and that they would pay all bills for their mother. To this the doctor agreed. Pursuant to this on *March 6, 1963* Dr. Hershman operated on Toba Weinbaum. He rendered a bill for $500.00. Blue Cross-Blue Shield paid $250.00 and the defendant, Harry Weinbaum, paid the balance of $250.00 by his check. On *November 20, 1963,* Dr. Hershman performed a second operation on Toba Weinbaum. He rendered a bill for $525.00. Blue Cross-Blue Shield paid $250.00 and the defendant Harry Weinbaum paid the balance of $275.00 by his check. On *October 19, 1964,* Dr. Hershman performed a third operation on the mother. He rendered a bill for $900.00. Blue Cross-Blue Shield paid $400.00 and Harry Weinbaum paid $500.00.

In *August 1965* there was a fourth operation on Toba Weinbaum at the Beth Israel Hospital. On this occasion Dr. Hershman called in Dr. Alexander Rutenberg. Before the operation Dr. Hershman talked to the three sons of Toba Weinbaum, namely, the defendants, Harry, Jacob and Alfred Weinbaum. Dr. Rutenberg performed the operation assisted by Dr. Hershman. Subsequent to the operation Dr. Hershman visited the mother once or twice a day for 53 days.

While in the hospital, Toba Weinbaum had private duty nurses. These nurses were not ordered by either Dr. Rutenberg or Dr. Hershman who personally did not feel that private duty nurses were essential to the proper treatment of the patient. Around *October 20, 1965*, Toba Weinbaum was removed to a private nursing home where she died on *November 11, 1965*.

*There was evidence that* Dr. Rutenberg had a conversation with the defendant Harry Weinbaum about a week before the operation of *September 19, 1965;* that he explained to Harry Weinbaum the serious nature of the operation; that Harry Weinbaum stated "do everything possible, I will assume the responsibility for all bills", and "you are not to be concerned about them." It was agreed, at the trial, that Harry Weinbaum spoke for his brothers.

Dr. Hershman testified that the reasonable value of his services in 1965 for visiting the patient at the hospital was $530.00, on which the Blue Cross-Blue Shield paid $110.00, leaving a balance of $420.00 which is still unpaid. In addition, Dr. Hershman testified that the reasonable value of his services for assisting at the operation was $300.00, which was not paid. In all, Dr. Hershman claimed that the defendants owed him $720.00.

Dr. Rutenberg testified that he consulted Dr. Hershman and visited Toba Weinbaum from *August 29, 1965* through *September 7, 1965;*

that he rendered a bill for these services for $75.00, which he claimed was reasonable and had not been paid. He further testified that he operated on her on *September 19, 1965,* that he attended her for 31 days after the operation; that he rendered a bill for the operation and post-operative care for $650.00; that Blue Cross-Blue Shield paid him $200.00, leaving a balance of $450.00. He further testified that $650.00 was a reasonable fee for the services rendered and claimed there was owing him $75.00 for services rendered earlier in September plus $450.00 for services covering the operation, in all a balance of $525.00.

There was evidence that for many years prior to the time of the operation in question, Toba Weinbaum was a "Service-Benefit" member of Blue Cross-Blue Shield under the "Group Plan" and as such entitled to its benefits. Dr. Hershman and Dr. Rutenberg were "Participating Physicians" under contract with Blue Cross-Blue Shield. Section III of this contract provided that a service-benefit member (of whom Toba Weinbaum was one) "shall not be subject to an additional charge by a participating physician except when (1) a member utilizes the services of a private nurse when in the opinion of the attending physician such services are not essential to proper treatment, or (2) if a service-benefit member refuses to give information when requested by participating doctor with respect to income status."

In view of the express findings of fact by the court with respect to the utilization of a private nurse whom the attending physicians did not consider essential, and the further fact that information requested by the attending doctor with respect to the income status of the patient was denied, the participating doctors were not limited in their charges to the scheduled fees allowed by Blue Cross-Blue Shield for a service benefit member.

At the close of the evidence the defendants requested the court to rule in effect that a promise to pay the debt of another is unenforceable unless in writing. The court granted this request but noted that it was inapplicable to the facts found. Other requests of like tenor were granted by the court but the court likewise noted they were inapplicable to the facts found. Having properly ruled on the law there was only one basis on which the court could have held the defendants liable for the medical services rendered to their mother. The obligation of the defendants is based on the fact that they requested the services of the plaintiffs on the express agreement that they were directly responsible for all the charges for attending their mother over and above payments made by Blue Cross-Blue Shield. In other words, from the very beginning of the course of treatment given by Dr. Hershman and later by Dr. Rutenberg, credit was extended by the plaintiffs, not to Toba Weinbaum, but to her sons. There was

ample proof to support this theory of the plaintiff's cause, and the court expressly found that they had sustained this burden.

The requests for rulings by the defendants that the plaintiffs as participating physicians in the Blue Cross-Blue Shield arrangement are bound by the schedule of fees set out therein are immaterial by reason of the circumstances related above which relieve the participating physicians of this restriction.

While the record in this case is voluminous, the issue is rather simple and the principles on which the case is resolved is very elementary. The findings made by the court were amply warranted by the evidence. Keeping in mind that Toba Weinbaum was a member of Blue Cross-Blue Shield, the conduct of the plaintiffs in billing her is not inconsistent with their claim that credit was extended to her sons, but rather carries out the original arrangement that they (the plaintiffs) would look to the sons for all over the amount allowed by Blue Cross-Blue Shield. *Irving Tanning Co.* v. *Shir*, 295 Mass. 380, 382, 383; *Seder* v. *Kozlowski*, 304 Mass. 367, 370; *Carton* v. *Shea*, 312 Mass. 634, 638.

In our opinion there was no error. **Report dismissed.**

BENJAMIN GOLDMAN of Boston
for the Plaintiffs
ABRAHAM J. ZIMMERMAN of Boston
for the Defendants