BUILDING ERECTORS, INC. *vs.* PENN-SIMON CONSTRUCTION CORPORATION & others. March 22, 1979. Although there is nothing in the record appendix which indicates that the judge below had struck from the master's third report the finding that there was no novation, our treatment of the issues does not depend upon that finding and we do not consider its propriety. Cf. *Jones* v. *Wayland*, 374 Mass. 249, 254-255 (1978). 1. By its judgment, the trial court implicitly ruled that the plaintiff Building Erectors was entitled to the benefit of the defendant Penn-Simon Construction's surety construction bonds on the three projects for which moneys were found due. The master's subsidiary findings adequately support the conclusion that a direct contract existed between Building Erectors and Penn-Simon. The defendant's promise to pay for past and future work performed by the plaintiff (for which the defendant was receiving the benefit) was supported by the plaintiff's promise to continue to work in reliance upon the defendant's promise. "Such findings would warrant the conclusion that there was a 'typical bargain,' supported by consideration." *Loranger Constr. Corp.* v. *E. F. Hauserman Co.*, 376 Mass. 757, 763 (1978). 2. There was no error in the master's assessment of damages as contained in his third report. He had before him on the question of damages oral testimony plus various exhibits including requisitions and bills submitted for payment. The master made detailed findings concerning the amounts involved on each of the various construction projects, and disallowed some of the plaintiff's claims. The evidence was not reported, thus the amounts so found are conclusive. See *Peters* v. *Wallach*, 366 Mass. 622, 626 (1975). It makes no difference that the master in his third report assigned specific damages to each of the construction projects without taking additional evidence where it is clear that these findings were taken directly from the subsidiary findings of the second report which provided sufficient information on which to find specific

damages despite the master's prior reluctance to do so. See *Jet Spray Cooler, Inc.* v. *Crampton*, 377 Mass. 159, 179-180 (1979). 3. All other issues have been waived by the defendants' failure to argue them adequately on appeal, *Tobin* v. *Commissioner of Banks*, 377 Mass. 909 (1979), and cases cited, or by their failure to raise those issues below, *Uloth* v. *City Tank Corp.*, 376 Mass. 874, 882-883 (1978).

*Judgment affirmed.*

*Joel Z. Eigerman (Edward J. McCormack, III, & Myrna Putziger* with him) for the plaintiff.

*John J. O'Brien & Neil L. Lynch*, for the defendants, submitted a brief.