M. J. PIROLLI & SONS, INC. *vs.* MASS. EQUIPMENT & SUPPLY CORP.
March 7, 1980. 1. The only question raised by the appeal is whether the
plaintiff, a supplier of building materials, is barred by the provisions of
G. L. c. 259, § 1, Second, from recovering from the defendant, the owner
of and general contractor on a construction project, on the defendant's
oral promise concerning payment for various materials which the plaintiff
had delivered to the original masonry subcontractor on the project prior
to the latter's insolvency and replacement by another subcontractor. None
of the materials in question had been delivered to, at the request of, or on
the credit of the defendant. See and compare *Nelson* v. *Boynton,* 3 Met.
396, 400 (1841). Contrast *Stone* v. *Walker,* 13 Gray 613, 615 (1859); *Irv-
ing Tanning Co.* v. *Shir,* 295 Mass. 380, 382-383 (1936); *Merrill* v.
*Kirkland Constr. Co.,* 365 Mass. 110, 113, 115 (1974). The words
repeatedly employed by the defendant's vice president ("I'll see that you
get paid") are usually construed as the type of promise which falls within
the statute. See *Nelson* v. *Boynton,* 3 Met. at 400; *Stone* v. *Walker,* 13
Gray at 615-616; *Collins* v. *Abrams,* 276 Mass. 106, 107 (1931); *Hayes* v.
*Guy,* 348 Mass. 754, 757 (1965). Contrast Restatement (Second) of Con-
tracts § 184, Comment b, Illustration 3 (Tent. Draft No. 4, 1968). "The
basic question is one of determining whether this case 'falls within a class
of cases in which the essence of the transaction is . . . the obtaining of some
. . . benefit, by the promisor from the promisee, and the payment of the
continuing debt of a third person in accordance with the promise is mere-
ly incidental and not the real object of the transaction.'" *Hayes* v. *Guy,*
348 Mass. at 756, quoting from *Colpitts* v. *L. C. Fisher Co.,* 289 Mass.
232, 234 (1935). It is not enough to take the case out of the statute that
some benefit result to the defendant from his promise (*Ames* v. *Foster,* 106
Mass. 400, 403 [1871]); the benefit must be both direct and pecuniary in
nature. *Nelson* v. *Boynton,* 3 Met. at 402. *Hayes* v. *Guy,* 348 Mass. at
756. *Merrill* v. *Kirkland Constr. Co.,* 365 Mass. at 115. Here, the plain-
tiff had no lien on the defendant's property (see and compare *Nelson* v.
*Boynton,* 3 Met. at 403; *Ames* v. *Foster,* 106 Mass. at 402; *Colpitts* v. *L.
C. Fisher Co.,* 289 Mass. at 235, 236; *Kalker* v. *Bailen,* 290 Mass. 202,
206 [1935]) and did not relinquish its claim (on which it has recovered
judgment) against the original masonry subcontractor. See *Nelson* v.
*Boynton,* 3 Met. at 403; *Ames* v. *Foster,* 106 Mass. at 402; *Brightman* v.
*Hicks,* 108 Mass. 246, 247 (1871); *Gill* v. *Herrick,* 111 Mass. 501, 503
(1873); *Collins* v. *Abrams,* 276 Mass. at 107; *Colpitts* v. *L. C. Fisher Co.,*
289 Mass. at 234. Contrast *Kalker* v. *Bailen,* 290 Mass. at 205. On the
record, the only ascertainable benefit to the defendant arose from the fact
that the plaintiff continued to supply materials (for which it was paid) to
the second subcontractor. But that supposed benefit had to be assessed in
light of the master's subsidiary findings that all those materials were "or-
dinary" and that they or their equivalents were all obtainable from other
suppliers. There is nothing in the subsidiary findings which warranted an

inference that "the real object of the transaction was the obtaining of a pecuniary benefit to the promisor" (*Merrill* v. *Kirkland Constr. Co.*, 365 Mass. at 115), and we concur in the judge's conclusion that "the facts and circumstances were not such that the case falls within the so-called 'leading purpose' exception to the Statute of Frauds . . . referred to in *Hayes* v. *Guy*, 348 Mass. 754 [1965]." 2. It does not appear that the plaintiff ever questioned the "Non-Jury Action" order of reference to the master. If the plaintiff wished to preserve its jury claim, it should have registered an objection (Mass.R.Civ.P. 46, 365 Mass. 811 [1974]) at the time of the hearing on the motions addressed to the master's report, as was done in *Star Sales & Distrib. Corp.* v. *A.B.C. Drywall Co.*, 6 Mass. App. Ct. 866 (1978), and *Johnson* v. *Post Motors, Inc.*, 7 Mass. App. Ct. 857 (1979). We do not consider the question now. *John B. Deary, Inc.* v. *Crane*, 4 Mass. App. Ct. 719, 724 (1976).

*Judgment affirmed.*

The case was submitted on briefs.
*Harvey B. Heafitz* for the plaintiff.
*Charles E. Schaub, Jr.*, for the defendant.