LAURENCE ALBRE ASSOCIATES, INC. *vs.* THE ITALIAN CATHOLIC CEMETERY ASSOCIATION. May 13, 1980. Following orders which denied the defendant's motions challenging the subsidiary and general findings in a master's report and adopted the report, judgment entered awarding the plaintiff $77,300 in damages for the fair and reasonable value of its work and materials in constructing a foundation for a mausoleum in the defendant's cemetery. The defendant has appealed. There was no error.

1. The master found that the plaintiff had performed the work of constructing the foundation in a good, workmanlike manner and in full and strict compliance with the plans and specifications as modified; that it complied fully and strictly with the building permit issued to it by the city of Boston; that the work was performed with the full knowledge and authorization of the defendant acting through its manager in charge of the work; and that the defendant (after discharging the plaintiff's general contractor) encouraged the plaintiff to finish the foundation, promising that it would be paid for work completed and to be completed. These findings warranted the conclusion that the plaintiff had established "both substantial performance of the contract and an endeavor on [its] part in good faith to perform fully" so as to justify its recovery in quantum meruit. *Andre* v. *Maguire,* 305 Mass. 515, 516 (1940), and cases cited. *Hayeck Bldg. & Realty Co.* v. *Turcotte,* 361 Mass. 785, 789 (1972). There is no support in the facts found by the master for the defendant's contention that the plaintiff intentionally departed or substantially deviated from the terms of the contract. The change in the foundation from caisson to compacted structural fill design had the defendant's approval prior to the start of construction. The defendant has not demonstrated that the provisions of G. L. c. 114, §§ 43E and 43F, as appearing in St. 1936, c. 319, § 6, regulating the construction of community mausoleums, have been violated. The master's findings that the engineer appointed by the Department of Public Health pursuant to the requirements of § 43F had exercised supervisory control over the construction;

that the engineer had received or had available to him all the information and data he had requested, including engineering calculations on the foundation's load bearing strength; that the foundation remains structurally sound and sufficient to carry the weight of the contemplated superstructure; and that the defendant had agreed in writing to secure all necessary regulatory approvals, warrant his conclusions that the statutory requirements had been complied with, or, to the extent that any further departmental approvals were necessary or appropriate for completion of the project, that it was the obligation of the defendant and not the plaintiff to obtain them.

2. The master's failure to find specifically that the subcontract between the plaintiff and its general contractor had been terminated is not fatal to the plaintiff's recovery. Such a conclusion is not required in view of the master's findings that the defendant repeatedly promised to pay for the work the plaintiff had done and was to perform. See *Greenberg v. Weisman*, 345 Mass. 700, 702-703 (1963); *Hayes v. Guy*, 348 Mass. 754, 756-757 (1965); *Building Erectors, Inc. v. Penn-Simon Constr. Corp.*, 7 Mass. App. Ct. 884 (1979). The report also spells out with sufficient clarity the plaintiff's obligations in connection with the construction of the foundation.

3. We decline to measure the master's findings against the voluminous transcript and the exhibits. There was no order that the evidence be reported. In such a case our review is confined to the report itself and its related papers (objections, summaries of the evidence, etc.) (*Covich v. Chambers*, 8 Mass. App. Ct. 740, 741-743 [1979]; *Glynn v. Gloucester, ante* 454, 458 n.6 [1980]), and the report is judged under the familiar standard stated in *Wormstead v. Town Manager of Saugus*, 366 Mass. 659, 660 (1975). The several motions objecting to the contents of the report on various grounds were all properly disposed of for the reasons stated in the Superior Court judge's memorandum of decision adopting the report. The summaries of evidence supplied by the master are in conformity with the rule and fully support his subsidiary findings based thereon, which, as appears from the summaries, rested in large part on questions of credibility. The judge also properly rejected the affidavit of Stuart who had not been called as a witness before the master.

*Judgment affirmed.*

*David L. Trainor* for the defendant.
*Charles F. Nayor (John F. Trefethen* with him) for the plaintiff.