JOSEPH BARBOZA & others *vs.* LIBERTY CONTRACTORS CO., INC. & others. October 31, 1984. *Frauds, Statute of. Contract,* Building contract.

After our opinion in *Barboza* v. *Aetna Cas. & Sur. Co., ante* 323 (1984), the sole remaining question is whether the promises made by Liberty Contractors Co., Inc. (Liberty), a general contractor, to Barboza Brothers (the style under which the three individual plaintiffs operated), a supplier of gravel, were unenforceable under the Statute of Frauds. See G. L. c. 259, § 1.

From February 19, 1974, through June 13, 1974, Barboza Brothers delivered gravel to E. G. Mondor Construction Corp. (Mondor), an excavation and site work subcontractor for Liberty on a job for the Fairhaven Housing Authority. As of June 13, 1974, Mondor had run up unpaid bills of $13,382.60 with Barboza Brothers. The latter cut off gravel shipments to Mondor and subsequently so informed Liberty. A responsible officer of Liberty told Joseph Barboza that, if Barboza Brothers should resume shipments to the project site, Barboza would be paid by Liberty for the prior deliveries to Mondor. As for future deliveries, they were to be billed directly to Liberty.

To the extent Liberty's promise was an undertaking to pay the debt of another, it was, unless committed to writing (and it was not), unenforceable under the Statute of Frauds. If, however, Liberty's undertaking fell into a class of cases in which the essence of the transaction is to obtain some benefit

for the promisor from the promisee, the Statute of Frauds would not apply. See *Hayes* v. *Guy,* 348 Mass. 754, 756-757 (1965). Contrast *Collins* v. *Abrams,* 276 Mass. 106, 107 (1931), and *M. J. Pirolli & Sons* v. *Mass. Equip. & Supply Corp.,* 9 Mass. App. Ct. 863, 863-864 (1980). See generally Restatement (Second) of Contracts § 116 (1979), which states what is often called the "main purpose" or "leading object" rule as follows: "A contract that all or part of a duty of a third person to the promisee shall be satisfied is not within the Statute of Frauds as a promise to answer for the duty of another if the consideration for the promise is in fact or apparently desired by the promisor mainly for his own economic advantage, rather than in order to benefit the third person."

In this case there was evidence that: (1) Liberty needed Barboza Brothers' gravel badly; (2) Barboza Brothers' gravel was of the right grade for the purpose of the job and had already passed laboratory tests demonstrating the suitability of the gravel; and (3) the job was behind schedule and Liberty wanted no delay in gravel shipments. That evidence was sufficient to put to the jury whether the main purpose of Liberty's promise was to assure uninterrupted shipment of gravel of a particular quality. Liberty's motions for a directed verdict and for judgment notwithstanding the verdict were rightly denied.

*Judgment affirmed.*

The case was submitted on briefs.

*Joel M. Sowalsky & John J. O'Connor, Jr.,* for Liberty Contractors Co., Inc.

*Dennis J. Conry* for Joseph Barboza.