Flatley, J.
This is an action in contract for services rendered by the plaintiff to defendant Anna Murphy, and for defendant Paul Murphy’s alleged oral promise to pay *190 for such services. Defendant Paul Murphy has appealed a judgment against him entered in the Concord Division of the District Court Department.
Defendant Anna Murphy did not answer the complaint
Defendant Paul Murphy’s answer is a general denial, and an affirmative defense of the Statute of Frauds, G.Lc. 259, §1; G.Lc. 106, §3-416.
The court found for the plaintiff in the amount of $7,742.31 against both defendants jointly.
The reported evidence may be summarized as follows: defendant Anna Murphy was the mother of defendant Paul Murphy, and it was suggested that she was deceased at the time of this action.
Anna Murphy was admitted into the plaintiff nursing home on February 13,1987. At the time of the admission, defendant Paul Murphy orally stated that the plaintiffs bills would be paid.
The report states that the plaintiff nursing home does not take “Medicare” [sic] patients. Numerous attempts were made by the plaintiff to transfer Anna Murphy to a nursing facility which takes “Medicare” [sic] patients. The defendant’s bills were paid from the date of admission until July 2,1987, at which time payments stopped. On October 14,1987, Anna Murphy was transferred for “non-payment” to another facility. Her bill was in arrears at that time in the amount of $7,542.31.
The defendant made the following requests for rulings:
1. The defendant, Anna Murphy, received the services of the plaintiff.
Answer by the court: Admitted.
2. The defendant, Paul Murphy, orally guaranteed to pay for these services.
Answer by the court: Admitted.
3. The defendant, Paul Murphy, was under no legal obligation to pay for the services rendered to the defendant, Anna Murphy, at the time that the services were contracted for.
Answer by the court: Admitted.
4. No other party, e.g., Medicaid, had any responsibility for payment of the bill for services to the defendant, Anna Murphy.
Answer by the court: Admitted.
5. The defendant, Anna Murphy, is liable for the balance due for services rendered.
Answer by the court: Admitted.
6. The defendant, Paul Murphy, cannot be charged because of the requirements of the statute of frauds, M.G.L c.259, §1, which states: ‘No action shall be brought... unless the promise, contract or agreement upon which such action is brought or some memorandum or note thereof, is in writing and signed by the party to be charged therewith....’
Answer by the court: Denied. The Statute of Frauds has no applicability. The plaintiff relied upon the representations of the defendant and otherwise would not have provided services to another, nor incurred the debt brought about by such services.
The court’s allowance of requests for rulings 1,3 and 5 indicate that it was Anna Murphy who contracted for, received and was liable for any balance due for the costs of the plaintiffs services; and that Paul Murphy neither contracted, nor was legally obligated to pay, for such services. Despite these rulings, the court concluded in its disposition of request number 6 that the plaintiffs reliance on Paul Murphy’s oral representation that Anna Murphy’s bills would be paid constituted an enforceable oral promise to pay for his mother’s debt.
An oral contract to pay for the debt of another is unenforceable under the Statute of Frauds, G.Lc. 259, §1. Further, there is nothing in the reported evidence to indicate that Paul Murphy derived any benefit from the services rendered to Anna Murphy so as to take this case outside of the Statute. An exception to the requirement of a writing to enforce the promise to pay for the debt of another arises if the promisor obtains a *191 benefit for his promise. Hayes v. Guy, 348 Mass. 754, 756 (1965); Paul v. Wilbur, 189 Mass. 48, 52 (1905). This exception to the Statute of Frauds is grounded on the theory that the promisor is benefiting from his promise and thus not engaging to pay the debt of another, but of his own. 3 S. WILLISTON, CONTRACTS, §472 at 432 (3rd ed. 1960).
While arguably there may be some intangible benefit to the son in knowing that his mother is being cared for, Massachusetts Courts have held in similar cases that such ' an intangible benefit does not fall
within a class of. cases in which the essence of the transaction is ... the obtaining of some ... benefit by the promisor from the promisee, and the payment of the continuing debt of a third person in accordance with the promise is merely incidental and not the real object of the transaction.
Friedman v. Lozinak, Mass. App. Div. Adv. Sh. (1977) 1132, quoting from Colpitts v. L. C. Fisher Co., 289 Mass. 232, 234 (1935).
The case of Rutenberg v. Weinbaum, 41 Mass. App. Dec. 130 (1968), upon which the plaintiff relies for the contrary proposition, is inapposite as the debt of a third party was not therein involved. The defendants in Rutenberg personally engaged the services of theplaintiff-physician, requested that heperform their mother’s surgery and expressly agreed that they, and not their mother, would be directly responsible for all medical costs exceeding their mother’s Blue Shield coverage. The defendants’ mother was under no legal obligation to pay for medical charges in excess of such coverage. The Appellate Division (Southern District) concluded that the plaintiff had extended credit to the defendants upon their express contract, and that the only enforceable debt for the plaintiff’s services was that of the defendants. In this case, however, Paul Murphy did not contract for the plaintiffs services and made no express promise that he would pay for such services. The debt in question was at all times that of Anna Murphy, and the plaintiffs claim was enforceable against her.
Since the facts found by the trial court do not bring this case within an exception to the G.Lc. 259, §1 writing requirement, we hold that the Statute of Frauds governs. As there was no written promise by Paul Murphy to pay for the debt of another, he was entitled to a finding in his favor as a matter of law.
Accordingly, the judgment for the plaintiff is bereby vacated. Judgment is to be entered for the defendant, Paul Murphy. So ordered.