Gants, J.
The plaintiff, John Murphy (“Murphy”), has filed suit against the defendants Morello Construction Corporation (“the Corporation”) and its President, Gaetano Morello (“Morello”), in an effort to collect the monies due him for legal services that he alleges he provided to the defendants until 1993. The Corporation has defaulted in this action, leaving Mo-rello as the only defendant. Morello now moves for summary judgment. After hearing and for the reasons detailed below, Morello’s motion for summary judgment is ALLOWED IN PART AND DENIED IN PART.
Murphy’s complaint contains four counts: (1) breach of contract; (2) quantum meruit; (3) willful refusal to pay; and (4) violation of G.L.c. 93A, §11. Count 3 does not state a claim, except possibly one in breach of contract or quantum meruit, and therefore must be dismissed.
Count 4 must be dismissed on limitations grounds. This complaint was not filed until April 6, 1998, but there can be no dispute that Murphy was well aware of these claims long before April 6, 1994. Indeed, Murphy alleges that Morello reneged on an agreement to settle this fee dispute in July 1993. Since Murphy waited longer than the permitted four years to bring his c. 93A claim, this Count must be dismissed. With respect to Counts 1 and 2 (the breach of contract and quantum meruit claims), there is evidence that Mo-rello personally guaranteed payment of Murphy’s legal fees in order to induce Murphy to continue his legal work when the Morello Construction Corporation faced serious financial problems. However, this guarantee was made orally and, at best, subsequently confirmed in writing by Murphy. There is no evidence that Morello ever wrote or signed any guarantee. Under G.L.c. 259, §1, “No action shall be brought. . . to charge a person upon a special promise to answer for the debt, default, or misdoings of another . . . unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized.” Therefore, to the extent that Murphy seeks to enforce an oral guarantee of payment by Morello for work that Murphy performed on behalf of the Corporation, then enforcement of that guarantee is barred by the Statute of Frauds. See Barboza v. Liberty Contractors Co., Inc., 18 Mass.App.Ct. 971 (1984) (rescript).
However, there remains a prominent exception to the Statute of Frauds regarding guaranties, often called the “main purpose” or “leading object” rule. Id. at 972. As set forth in the Restatement (Second) of Contracts, §116 (1979):
A contract that all or part of a duty of a third person to the promisee shall be satisfied is not within the Statute of Frauds as a promise to answer for the duty of another if the consideration for the promise is in fact or apparently desired by the promisor for his own economic advantage, rather than in order to benefit the third person.
Barboza at 972 quoting Restatement (Second) of Contracts, §116 (1979). There is evidence sufficient to raise a genuine issue of material fact as to whether Morello’s oral guarantee of payment was given primarily to benefit the Corporation, and thus falls within the Statute of Frauds, or was given primarily to benefit Morello himself, and therefore falls outside the Statute. See Webster v. Kowal, 394 Mass. 443, 448 (1984); Hayes v. Guy, 348 Mass. 754, 756 (1965). Summary judgment as to Counts 1 and 2, therefore, must be denied.
The six-year statute of limitations on contract claims, however, shall limit the scope of damages potentially recoverable on these two counts. An attorney’s cause of action for fees accrues no later than when his services terminate unless the parties enter into a new, enforceable agreement concerning the payment of outstanding charges, when it accrues upon the breach of that agreement. Jenney v. Airtek Corporation, 402 Mass. 152, 154 (1988). In the context of this case, Murphy’s claim for damages must be limited to unpaid legal services provided after April 6, 1992 or, if those legal services were the subject of a subsequent agreement concerning payment, to the *491 amount due for any breach of those agreements that occurred after April 6, 1992.

ORDER

For the reasons stated above, the defendant Morello’s motion for summary judgment is ALLOWED as to Count 3 (willful failure to pay) and Count 4 (G .L.c. 93A) of the Complaint and DENIED as to Count 1 (breach of contract) and Count 2 (quantum meruit) of the Complaint. However, Murphy’s claim for damages under Counts 1 and 2 shall be limited to unpaid legal services provided after April 6, 1992 or, if those legal services were the subject of a subsequent agreement concerning payment, to the amount due for any breach of those agreements that occurred after April 6, 1992.