Murtagh, Thomas R., J.
The plaintiff, Hemanshu Doshi (“Doshi”), has filed suit against the defendant, Charles Ellis (“Ellis”) in an effort to obtain from Ellis, as alleged guarantor, repayment of substantial loans totaling $500,000, with accrued interest and costs resulting from default made to a corporation, Kirby & Allen, Inc. (“K&A”). Ellis has moved for summaiy judgment claiming that the Statute of Frauds precludes Doshi’s claims because the alleged guarantee is not in any written agreement of the parties nor supported by a memorandum or note signed by Ellis as the party sought to be charged with the guarantee obligation.
Concerning Count I of the Complaint (breach of contract) there is evidence that Ellis personally guar *684 anteed payment of Doshi’s loans to K&A in order to induce Doshi to fund K&A which was suffering from financial weakness. However, this guarantee was made orally and, according to Doshi, subsequently confirmed in e-mails by Ellis. Ellis never wrote or signed any guarantee. Pursuant to G.L.c. 259, §1, “No action shall be brought... to charge a person upon a special promise to answer for the debt, default, or misdoings of another . . . unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person therewith by him lawfully authorized.” To the extent that Doshi seeks to enforce an oral guarantee of payment by Ellis for the loans made to K&A, such enforcement is barred by the Statute of Frauds. See Barboza v. Liberty Contractors Co, Inc., 18 Mass.App.Ct. 971 (1987).
There is an important exception to the Statute of Frauds as applied to guarantees. The exception is referred to as the “main purpose” or “leading object” and is stated as follows:
A contract that all or part of a duty of a third person to the promisee shall be satisfied is not within the Statute of Frauds as a promise to answer for the duty of another if the consideration for the purpose is in fact or apparently desired by the promisor mainly for his own economic advantage, rather than in order to benefit the third person.
Barboza at 972, quoting Restatement (Second) of Contracts, §116 (1979).
The evidence in this case is sufficient to raise a genuine issue of material fact as to whether Ellis’ oral guarantee of payment was given primarily to benefit K&A, and thus falls within the Statute of Frauds or was given primarily to benefit Ellis himself and therefore falls outside the Statute. See Webster v. Kawal, 394 Mass. 443, 448 (1984). That evidence consists of Ellis’ significant ownership interest and operational responsibilities (alone not enough to sustain the “main purpose rule,” but may be considered significant among other factors in pointing to its application) linked with evidence of Doshi’s reluctance to making the loans and Ellis’ role in convincing him to do so and linked further with evidence of K&A’s weak financial performance and condition. See Corbin on Contracts, Revised Edition, 1997 Vol. 4, §16.7.
As to the claim of promissory estoppel (Count II), the Court concludes that there also are material disputed facts which preclude entry of summary judgment. Section 139(1) of the Restatement (Second) of Contracts identifies those circumstances under which a promise is enforceable notwithstanding the Statute of Frauds.
A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce the action of forbearance is enforceable notwithstanding the Statute of Frauds if injustice can be avoided only by enforcement of the promise. The remedy granted for breach is to be limited as justice requires.
In Cellucci v. Sun Oil Co., 2 Mass.App.Ct. 722 (1974), aff'd, 368 Mass. 811 (1975), the Appeals Court recognized that the estoppel doctrine may preclude the affirmative defense of the Statute of Frauds. Id. at 727-29. However, the rule stated in Brightman v. Hicks, 108 Mass. 246 (1871), remains valid. That rule reads: “A promise, upon which the Statute of Frauds declares that no action shall be maintained cannot be made effectual by estoppel, merely because it has been acted upon by the promisee and not performed by the promisor.” The Court concludes from these principles of law that a promissory estoppel claim may exist only if Ellis never intended from the beginning to honor his personal guarantee, if any, and thus misrepresented to Doshi his then state of mind. See Beauregard v. Miles, 2007 Mass.App.Div. 3, 2007 WL 273138 (Southern Div. January 29, 2007). In this case, e-mail evidence originating with Ellis, coupled with his complete lack of performance under the guarantee, would allow a jury to infer that Ellis never intended to perform under the guarantee.

ORDER

For the foregoing reasons, Defendant Ellis’ Motion for Summary Judgment is DENIED as to Counts I and II.