JOYCE JOHNSON *vs.* POST MOTORS, INC. & another.[1] February 9, 1979. Although this action was referred to a master (the plaintiff claims erroneously) as a "Non-Jury Action" and despite the plaintiff's failure to object to that reference prior to the filing of her objections to the master's report (which was confirmed by the judge), she properly relied upon the demand for a jury trial made by the defendant Chrysler Credit Corporation pursuant to the provisions of Mass.R.Civ.P. 38(b), 365 Mass. 801 (1974). Nothing occurred to transform the case into a nonjury trial pursuant to the provisions of Mass.R.Civ.P. 39(a), 365 Mass. 801 (1974), which provides that "[w]hen trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury." See *Vaught Constr. Corp.* v. *Bertonazzi Buick Co.*, 371 Mass. 553, 557-558 (1976). With respect to the defendants' unsuccessful assertion that the plaintiff's conduct constituted a waiver of her right to a jury trial, see *Star Sales & Distrib. Corp.* v. *A.B.C. Drywall Co.*, 6 Mass. App. Ct. 866 (1978), and cases cited. The judgment is vacated and the case remanded to the Superior Court for a trial by jury at which the master's report is to be treated as though the original order of reference to the master had been designated as a "Jury" rather than a "Non-Jury" action. See Mass.R.Civ.P. 53(e)(3), 365 Mass. 820 (1974).

*So ordered.*

*Anne Reitmayer* for the plaintiff.
*Richard A. Glaser* for Post Motors, Inc.