R. D. MATTHEWS CONSTRUCTION CO., INC. *vs.* PLANNING BOARD OF HINGHAM.

Plymouth. December 17, 1981. — May 5, 1982.

Present: GOODMAN, PERRETTA, & KASS, JJ.

*Practice, Civil,* Master's findings, Appeal. *Subdivision Control,* Appeal.

In an appeal from a decision of a local planning board to the Superior Court in which a jury trial had been claimed improperly and which was erroneously referred to a master to be heard as if it were a jury action, i.e., facts not final, the master's findings of fact were binding on the court unless clearly erroneous. [498-500]

CIVIL ACTION commenced in the Superior Court on October 17, 1974.

The case was heard by *Byron, J.,* on a master's report.

*Richard L. Wainwright* for the plaintiff.

*Chester A. Janiak (George M. Ford* with him) for the defendant.

KASS, J. At issue is whether a misbegotten jury claim and a consequently mistaken order of reference to a master permanently governs the "facts final" or "facts not final" status of a master's report.

Although not so described by caption or text, the complaint in this action was one brought under G. L. c. 41, § 81BB, as appearing in St. 1957, c. 199, § 2, in that it sought review of a decision of a planning board. That decision was a refusal to release a covenant imposed under authority of G. L. c. 41, § 81U, as amended through St. 1972, c. 749, §§ 1 & 2. Section 81BB provides for appeals from adverse decisions of a planning board to "the Superior Court sitting in equity" and that "[t]he court shall hear all pertinent evidence and determine the facts." The statutory remedy is exclusive. *Nantucket Land Council, Inc.* v. *Plan-*

*ning Bd. of Nantucket*, 5 Mass. App. Ct. 206, 212 (1977). So much of the complaint as sought declaratory and equitable relief was, therefore, surplusage.

It is readily apparent that the case was not one which could be tried to a jury. The planning board, no doubt acting upon reflex rather than deliberation, filed a form demand for "trial by jury of all issues." After a year's inactivity on the docket, the case, notwithstanding the absence of jury issues, was dispatched to a master to be heard as if it were a jury action, i.e., "facts not final." A printed order of reference labelled "Jury Action" was employed. This aggravated the earlier misstep and compounded it in that appeals from boards of appeal and planning boards should not, except in unusual situations (none are here present), be referred to a master. See *Salah* v. *Board of Appeals of Canton*, 2 Mass. App. Ct. 488, 495 n. 10 (1974); *Warren* v. *Zoning Board of Appeals of Amherst*, 383 Mass. 1, 2 n.2 (1981).

The master's report was adverse to the plaintiff. A curious motion to recommit by the plaintiff followed. It raised general objections to the facts found, accompanied by an "affidavit" of counsel which perhaps was intended by plaintiff's counsel (who was a lawyer other than appellate counsel) to satisfy the requirement, discussed in *Miller* v. *Winshall*, 9 Mass. App. Ct. 312, 316-317 (1980), for an affidavit as to what a fair summary of the evidence would be. This the affidavit failed to do. It did not summarize evidence, nor did it relate any evidence to the particular finding of the master which the affidavit purportedly contradicts. Rather, the affidavit states the view of counsel as to the facts he wishes the master had found. The plaintiff filed no objection to the master's report nor a request to the master to summarize the evidence. *Id.* at 315-317. See Rule 49(7) of the Superior Court, as amended (1976).[1]

---

[1] The case was heard by the master in February, 1976, and, therefore, before certain changes made in rule 49 in 1976 had become effective on May 8, 1976. The master's report was filed May 18, 1976, at which time the revised rule applied. The plaintiff's motion and affidavit would have been insufficient under either version.

It was the ultimate finding of the master that the planning board had not acted arbitrarily or unlawfully in refusing to release certain covenants recorded in connection with the plaintiff's subdivision until the plaintiff should comply with certain specifications for the subdivision's drainage system. Those specifications, notably one which required that an outflow pipe be six inches above the surface of the pond into which it would drain, had been established at the time (in 1968) that the planning board approved the subdivision plan. The subsidiary findings of the master were consistent with this conclusion, certainly not clearly erroneous, and, if the action was nonjury, are controlling. Mass.R.Civ.P. 53(e)(2), 365 Mass. 820 (1974). *Selectmen of Hatfield* v. *Garvey,* 362 Mass. 821, 825 (1973). *Covich* v. *Chambers,* 8 Mass. App. Ct. 740, 743 (1979).

Faced with a master's report which amply supported the judgment dismissing the complaint, the plaintiff falls back on the argument that the master's report ought not to have been adopted in the first place because the order of reference to the master was "facts not final." The plaintiff relies upon *Levings* v. *Forbes & Wallace, Inc.,* 8 Mass. App. Ct. 498 (1979), in which we said (at 500), that if a master heard a case "facts not final" the status of the master's report would be no more than prima facie evidence in the ensuing jury trial. See Mass.R.Civ.P. 53(e)(3), 365 Mass. 820 (1974). If the case were subsequently tried jury-waived, the status of the master's report would not change, i.e., it would retain its "facts not final" status. *Levings, supra* at 500. In *Levings,* however, there were, in the first instance, jury questions to be tried. In such circumstances there is a risk that a party anticipating a jury trial might try a case differently before the master and would be prejudiced were the master's report later to take on unexpected significance. See also *Cesco Mfg. Corp.* v. *Norcross, Inc.,* 7 Mass. App. Ct. 837, 838 (1979).

Neither party in *Levings* moved for adoption of the master's report, thus reflecting their understanding at the time that the report had only prima facie status. Here the parties

could not reasonably have expected at any stage of the litigation that there would be jury proceedings. The text of Mass.R.Civ.P. 53(e)(2), 365 Mass. 820 (1974), by requiring that the court in a nonjury case "shall accept the master's findings of fact unless clearly erroneous" leaves no room for a wholly fresh evidentiary proceeding. See Smith & Zobel, Rules Practice § 53.11 n.96 (Supp. 1981). In these circumstances we conclude that the parties were not prejudiced by treating the report as it would ordinarily be treated in a nonjury case. The procedural course upon which the plaintiff embarked when the master issued his report and the planning board moved to adopt the report bears this out. At no time did the plaintiff urge that the report could not be adopted because it had a "facts not final" status. Rather the plaintiff appears to have recognized the report's "final" status and contented itself with a motion to recommit and an attack on the findings. Although the plaintiff filed a general objection to the planning board's motion to waive its demand for a jury trial, the claim that the plaintiff was prejudiced by giving the report "facts final" standing was never raised. See *Michelson* v. *Aronson*, 4 Mass. App. Ct. 182, 192-193 (1976).

*Judgment affirmed.*