CONSTANTINE HUTCHINS, JR. *vs.* EVELYN S. MALOOMIAN & another.[1] No. 91-P-141. May 4, 1992. *Adverse Possession and Prescription. Practice, Civil*, Failure to make objection; Jury trial; Master: report.

In response to a complaint in the Superior Court seeking injunctive relief and damages by reason of the defendants' alleged trespass upon the plaintiff's land (the locus), the defendants filed an answer, together with a counterclaim, which asserted, inter alia, ownership of the locus by adverse possession. Both parties claimed a jury trial with respect to the counterclaim.

On October 27, 1987, after extensive discovery, and after notice to counsel that the case was held for trial, the judge, apparently sua sponte, entered the following order: "The threshold question in this case involves alleged prescriptive rights and/or a claim of adverse possession. Such questions have always been deemed to be equitable matters, not matters to be decided by a jury as a fact-finder . . . . I deem it in the best interest of all parties that the questions of prescriptive rights and/or adverse possession be decided by a [m]aster who is qualified and experienced in such matters." On the same day, the judge entered an "Order Of Reference To Master (Non-Jury Action)." Neither party filed an objection to either of the judge's two orders.

The master found that the defendants had acquired title to the locus by adverse possession. The plaintiff subsequently filed an "Insistence on Trial by Jury," moved to revoke the order of reference to a master, moved to strike the master's report, and also objected to the master's report for depriving the plaintiff of his right to a jury trial. The judge denied the plaintiff's motions, allowed the defendants' motion to confirm the master's report, and entered a separate judgment for the defendants on their counterclaim.

We conclude that the judge erred in denying the plaintiff a trial by jury on the defendants' claim to title of the locus by adverse possession, and therefore we vacate the judgment and remand the case to the Superior Court.

The defendants argue that the claim to adverse possession presents no issues of fact triable by a jury. The argument has no merit. Issues arising out of a claim to title by adverse possession present questions of fact, see *Nantucket* v. *Mitchell*, 271 Mass. 62, 68 (1930), *Bates* v. *Cohasset*, 280 Mass. 142, 153 (1932), *Kershaw* v. *Zecchini*, 342 Mass. 318, 320 (1961), and such questions are triable by jury, see *Hill* v. *Crosby*, 2 Pick. 466, 467 (1824), *Putnam* v. *Bowker*, 11 Cush. 542, 546 (1853).

---

[1] Laurence G. Maloomian.

The defendants also argue that, by failing to object to the order of reference prior to filing his objections to the master's report, see Mass.R.Civ.P. 46, 365 Mass. 811 (1974), the plaintiff waived his right to trial by jury. That issue is controlled by our decision in *Johnson* v. *Post Motors, Inc.,* 7 Mass. App. Ct. 857 (1979) (no waiver by failing to object to the order of reference which referred to the proceedings as a "[n]on-[j]ury [a]ction"; the court, relying upon Mass.R.Civ.P. 39[a][1], 365 Mass. 801 [1974], observed that "[n]othing occurred to transform the case into a nonjury trial"). See *M.J. Pirolli & Sons* v. *Mass. Equip. & Supply Corp.,* 9 Mass App. Ct. 863, 864 (1980) (waiver found, but plaintiff did not, as in *Johnson* v. *Post Motors, Inc., supra,* and, as in this case, file an objection at the time of the hearing on the motions addressed to the master's report).

The defendants attempt to distinguish *Johnson* v. *Post Motors, Inc., supra,* on the ground that, in this case the judge made an express ruling that there were no triable jury issues, see Mass.R.Civ.P. 39(a)(2). The judge was in error, however, and whether the judge merely referred the case out as a "nonjury action," as in *Johnson* v. *Post Motors, Inc., supra,* or added an explanation of his reasons, as in this case, is a distinction without a difference. There was no waiver by the plaintiff. See Mass.R.Civ.P 39(a)(1).

The judgment is vacated and the case is remanded to the Superior Court for a trial by jury at which the master's report is to be treated as though the original order of reference to the master had been designated as a jury, rather than a nonjury, action. See Mass.R.Civ.P. 53(i)(1), as amended, 386 Mass. 1242 (1982).

*So ordered.*

*Herbert D. Lewis* for the plaintiff.
*Mark C. McCrystal* for the defendants.