646 · 80 Mass. App. Ct. 646 (2011)

Northeast Line Construction Corporation *v.* J.E. Guertin Company, Inc.

## NORTHEAST LINE CONSTRUCTION CORP. *vs.* J.E. GUERTIN CO., INC.

No. 10-P-632.

Plymouth. January 3, 2011. - October 13, 2011.

Present: KANTROWITZ, KATZMANN, & MEADE, JJ.

*Constitutional Law,* Trial by jury, Waiver of constitutional rights. *Practice, Civil,* Waiver of trial by jury, Master: findings. *Waiver. Consumer Protection Act,* Unfair or deceptive act.

In a civil action, the judge did not err in ruling that the defendant had waived its right to a jury trial pursuant to Mass.R.Civ.P. 39(a), where notations on the docket sheet established prima facie evidence, not rebutted by the defendant, that the parties twice consented to a trial without a jury by an oral stipulation made in open court and entered in the record. [648-653]

In a civil action alleging claims of breach of contract and violations of G. L. c. 93A, the judge did not err in ruling that the defendant's actions, which included no coercive or extortionate acts, did not amount to unfair or deceptive conduct. [653-654]

In a civil action, the judge did not abuse his discretion in denying the prevailing party's motion for attorney's fees and sanctions pursuant to Mass.R. Civ.P. 11, where the underlying master's report did not establish that opposing counsel had acted in bad faith. [654]

CIVIL ACTION commenced in the Superior Court Department on July 19, 2004.

The case was heard, on a master's report, by *Charles J. Hely,* J., and entry of judgment was ordered by him.

*Edward M. Reilly* for the plaintiff.

*Alan S. Fanger* for the defendant.

KATZMANN, J. Based on the findings in a master's report, a Superior Court judge ruled that the defendant, J.E. Guertin Co., Inc. (Guertin), breached its contracts with the plaintiff, Northeast Line Construction Corporation (NELCC), and awarded contract damages. NELCC contends on appeal that the judge erred by not awarding damages under G. L. c. 93A and sanctions under

Mass.R.Civ.P. 11, 365 Mass. 753 (1974). Seeking a new trial, Guertin cross-appeals. The principal issue before us, posed by Guertin, is whether the judge erred in ruling that pursuant to Mass.R.Civ.P. 39(a), 365 Mass. 801 (1974), it had waived its right to a jury trial. We affirm.

*Background.* On July 17, 2004, NELCC filed a complaint in Superior Court against Guertin and requested a jury trial. NELCC's complaint alleged that on various dates in the year 2000, NELCC contracted with Guertin to install utility poles, power lines, and other items at three sites in Massachusetts, and stated claims for breach of contract, breach of the implied covenant of good faith, unjust enrichment, and a violation of G. L. c. 93A. Guertin's answer, also requesting a jury trial, raised several affirmative defenses, as well as two counterclaims: conversion and its own G. L. c. 93A claim.

After a pretrial conference held on August 23, 2005, the clerk assigned the case for trial without a jury on December 15, 2005. On December 15, 2005, the parties appeared before a Superior Court judge and reported that they agreed to submission of the case to a master with "facts final." On December 28, 2005, the judge appointed a "jury master." Per stipulation by the parties, a master's hearing was conducted over three days in May, 2006. On September 1, 2006, the master's report was filed with the Superior Court. The master found that the value of services rendered to Guertin by NELCC, which went uncompensated, totaled $41,234.50. During ensuing court proceedings, three Superior Court judges had occasion to adopt the master's report and to deny Guertin's motions to strike it.

In a letter dated June 24, 2008, Guertin's new counsel contended for the first time that the parties had not consented to have the master's report function as facts final and that the case should now be tried to a jury. At a hearing on October 20, 2008, before another Superior Court judge, new counsel argued that there had been no valid waiver of a jury. On November 18, 2008, the judge issued a ruling on the issue of jury waiver and entered an order of judgment. The judge's order stated:

> "Based on a review of all the court's papers and docket entries, I find that both parties validly waived their right to

a trial by jury in open court at the pretrial conference with the clerk on August 23, 2005. For this reason, the case was assigned a trial date for a trial without jury. This was noted by the clerk in the pretrial order and in the docket entry for August 23, 2005.

"The court further finds that the parties' waiver of their right to trial by jury was reiterated by both counsel in their conference with Justice DelVecchio on December 15, 2005."

In the order, the judge also entered judgment for NELCC on the contract claim in the amount of $41,234.40. The order further ruled that Guertin's breaches of contract did not amount to unfair or deceptive conduct under G. L. c. 93A. All other counts in the complaint and all counts in the counterclaim were dismissed.

NELCC now appeals from the November 18, 2008, judgment that dismissed its G. L. c. 93A claim and denied its request for attorney's fees under Mass.R.Civ.P. 11.[1] Guertin cross-appeals from the November 18, 2008, judgment and argues that its right to a jury trial was never waived.

*Discussion.* 1. *Jury trial waiver.* In its cross-appeal, Guertin contends that the judgment issued from the Superior Court, based on a master's report, should be reversed because the judge erroneously determined that it had waived its right to a jury trial, and that, therefore, it was denied its right to a jury trial. Whether there was a jury trial waiver is of particular significance here insofar as it alters the legal status of the master's report. In an action to be tried *without a jury*, "the court shall accept the master's subsidiary findings of fact unless they are clearly erroneous, mutually inconsistent, unwarranted by the evidence before the master as a matter of law or are otherwise tainted by error of law." Mass.R.Civ.P. 53(h)(1), as amended, 386 Mass. 1237 (1982). However, in an action to be tried *to a jury*, "the master's findings upon all issues submitted to him are admissible as prima facie evidence of the matters found and

---

[1] In its reply brief, NELCC concedes that its appeal from the judge's denial of its motion for costs and fees pursuant to G. L. c. 231, § 6(*f*), is not properly before this court. As such, we do not address it.

may be read to the jury and, in the discretion of the court, may be submitted to the jury as an exhibit . . . ." Mass.R.Civ.P. 53(i)(1), as amended, 386 Mass. 1237 (1982).

The right of a trial by jury is declared by part 1, art. 15 of the Constitution of the Commonwealth of Massachusetts, which provides that "parties have a right to a trial by jury; and this method of procedure shall be held sacred." See Mass.R.Civ.P. 38(a), 365 Mass. 800 (1974). In order to preserve this right, parties must demand a jury trial pursuant to Mass.R.Civ.P. 38(b), 365 Mass. 800 (1974). In this case, both NELCC and Guertin properly demanded a jury trial in their initial pleadings.[2]

Once properly demanded, a jury trial may be waived, but not "without the consent of the parties." Mass.R.Civ.P. 38(d), 365 Mass. 800 (1974). See *Vaught Constr. Corp.* v. *Bertozanni Buick Co.*, 371 Mass. 553, 557-558 (1976) (rules require consent of *all* parties to the jury trial, not just consent from one party). "In civil cases, waiver of a fundamental right is never presumed . . . ." *Spence* v. *Reeder*, 382 Mass. 398, 411 (1981), citing *Aetna Ins. Co.* v. *Kennedy*, 301 U.S. 389, 393 (1937). As the right to a jury trial is fundamental, "courts indulge every reasonable presumption against waiver." *Aetna Ins. Co.* v. *Kennedy*, *supra*.

The Massachusetts Rules of Civil Procedure delineate the specific methods by which the right to a jury trial may be waived. Rule 39(a) of the Massachusetts Rules of Civil Procedure, 450 Mass. 1403 (2008), states, in pertinent part,

> "[t]he trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or *by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury* . . . or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not

[2]NELCC demanded a jury trial in its complaint filed on July 17, 2004. Above the signature box, the complaint stated, "REQUEST FOR JURY TRIAL." Guertin demanded a jury trial in its answer filed on August 16, 2004. Above the signature box, the answer stated, "The defendant and plaintiff-in-counterclaim, J.E. Guertin Co., Inc., respectfully requests a trial by jury on all issues so triable."

exist under the constitution or statutes of this common-wealth." (Emphasis added.)

See *Johnson* v. *Post Motors, Inc.*, 7 Mass. App. Ct. 857, 857 (1979). Neither party contends waiver by written consent or by the court's initiative. Rather, the issue is whether the parties consented to a trial without a jury by an oral stipulation made in open court and entered in the record.

As noted, the judge ruled that the parties' rights to a jury trial were properly waived in open court on two occasions: at a pretrial conference on August 23, 2005, and at a conference on December 15, 2005. This ruling was "[b]ased on a review of all the court's papers and docket entries . . . ." "[W]aiver is ordinarily a question of fact and not of law." *Metropolitan Transit Authy.* v. *Railway Exp. Agency, Inc.*, 323 Mass. 707, 709 (1949). Since the judge's finding of waiver is based on a review of both documentary evidence and conflicting testimony, our review is mandated by Mass.R.Civ.P. 52(a), as amended, 432 Mass. 1402 (1996), and "[f]indings of fact shall not be set aside unless they are clearly erroneous." See *Markell* v. *Sidney B. Pfeifer Foundation, Inc.*, 9 Mass. App. Ct. 412, 430 (1980).

In arguing that the record is insufficient to support a ruling that the right to a jury trial was properly waived during the August 23, 2005, conference or the December 15, 2005, confer-ence, Guertin notes that no transcript of either conference appears on the record. Furthermore, the record is devoid of affidavits from either party regarding whether the parties con-sented to a trial without a jury by oral stipulation in open court on those dates.

NELCC counters that the docket sheet entries for those dates provide evidence that there was proper jury waiver during those conferences. The pertinent docket entries for August 23, 2005, and December 15, 2005, state:

"8/23/2005 . . . Pre-trial ORDER: Trial without Jury on December 15, 2005 @ 9:00 in Brockton . . . cc: in hand."

"12/15/2005 . . . TRIAL: non-jury contract, jw, 2-3 days."

NELCC contends that the docket sheet notations "[t]rial without

[j]ury," "non-jury contract," and "jw," shorthand for jury waiver, provide evidence that the parties consented to a trial without a jury by oral stipulation in open court and entered in the record.

"[D]ocket sheets are part of the court records and may be presented as prima facie evidence of the facts recorded therein." *Commonwealth* v. *Podoprigora*, 46 Mass. App. Ct. 928, 929 (1999), and cases cited.[3] See *Washington Natl. Bank* v. *Williams*, 190 Mass. 497, 503 (1906); *Savage* v. *Welch*, 246 Mass. 170, 176 (1923). Very much on point here is *Washington Natl. Bank* v. *Williams, supra*, a contract case, where judgment was entered and execution was issued against a debtor on the same day. The debtor challenged the validity of the court order based on a provision stating that execution was prohibited within twenty-four hours of judgment. The Supreme Judicial Court held that the docket entries, which stated, "[j]udgment for plaintiff . . . Execution forthwith," *supra* at 501-502, provided sufficient evidence to show that the debtor had waived this provision by agreement in court. The court held that "[e]very [docket] entry is a statement of the act of the court, and must be presumed to be made by its direction. . . . We must therefore presume that the several entries on the docket . . . were made by the clerk by proper authority." *Id.* at 503, citing *Read* v. *Sutton*, 2 Cush. 115, 123 (1848). In other words, the docket entries were sufficient to establish waiver of the provision by agreement.

Similarly, the docket sheet here presents prima facie evidence that there was proper jury waiver in open court on August 23, 2005, and December 15, 2005. As stated in *Washington Natl. Bank, supra*, we must "presume that the [August 23, 2005, and December 15, 2005,] entries on the docket were made by the

---

[3]In criminal cases, where no transcript of the hearing exists, docket sheets have established prima facie evidence that guilty pleas were proper. See *Commonwealth* v. *Pryce*, 429 Mass. 556, 557-558 (1999); *Commonwealth* v. *Rzepphiewski*, 431 Mass. 48, 52-53 (2000); *Commonwealth* v. *Podoprigora, supra*. Docket sheets have similarly provided prima facie evidence that a witness waived his right to counsel, see *Commonwealth* v. *Bourdreau*, 362 Mass. 378, 381-382 (1972); *Commonwealth* v. *Deeran*, 364 Mass. 193, 198 (1973), and that the time limit during which the Commonwealth could retry a defendant had expired. See *Barry* v. *Commonwealth*, 390 Mass. 285, 289 (1983); *Commonwealth* v. *Farris*, 390 Mass. 300, 303-304 (1983).

clerk by proper authority." From the presumption that the clerk had proper authority to make the notions "[t]rial without [j]ury," "non-jury contract," and "jw" flows the inference that the parties consented to a trial without a jury "by oral stipulation in open court." See Mass.R.Civ.P. 39(a), *supra.* This prima facie evidence of waiver avoids the presumption against waiver. See *Aetna Ins. Co.* v. *Kennedy,* 301 U.S. at 393. Contrast *Star Sales & Distrib. Corp.* v. *A.B.C. Drywall Co.,* 6 Mass. App. Ct. 866, 866 (1978) (insufficient facts to find jury waiver); *Johnson* v. *Post Motors, Inc.,* 7 Mass. App. Ct. at 857 (no waiver found where "[n]othing occurred to transform the case into a non-jury trial"); *Hutchins* v. *Maloomian,* 32 Mass. App. Ct. 950, 950-951 (1992) (no evidence of jury waiver).

As the docket sheet entries establish prima facie evidence of jury waiver, it falls to Guertin to rebut the prima facie validity of the waiver. See *Commonwealth* v. *Rodgers,* 448 Mass. 538, 540 (2007) (docket sheet entries provide prima facie evidence under speedy trial claim, but defendant may rebut docket with other evidence). Compare *Ciummei* v. *Commonwealth,* 378 Mass. 504, 510 n.9 (1979) (criminal defendant may rebut prima facie evidence of jury waiver). Here, Guertin had several opportunities to present evidence to rebut the evidence of jury waiver, yet failed to do so.

We conclude that the record, taken as a whole, supports the prima facie evidence of waiver, which the docket entries provide. See *Washington Natl. Bank* v. *Williams,* 190 Mass. at 503 (docket entries provide the presumption of waiver, but finding was warranted by the "whole evidence"). The record reflects that Guertin was notified that the trial was to be held without a jury. The clerk's notice dated December 15, 2005, which was sent to both parties, stated: "[s]ent to Master/facts final." The notation "facts final" put Guertin on notice that master's report was to be adopted, or struck, by the court without a jury. Compare *R.D. Matthews Constr. Co.* v. *Planning Bd. of Hingham,* 13 Mass. App. Ct. 497 (1982) ("facts not final" on master's report given "facts final" status because no prejudice resulted in treating the report the same as in a nonjury case). Contrast *Levings* v. *Forbes & Wallace, Inc.,* 8 Mass. App. Ct. 498, 500 (1979) (in jury case, master's report regarded as "facts not final").

Additionally, after the master's report was filed, NELCC moved to adopt and enter judgment on the master's report on January 31, 2007. Guertin did not raise an issue of the propriety of the nonjury trial. A motion to enter judgment on the master's report is only available in nonjury trials. See Mass.R.Civ.P. 53(h)(4), as amended, 386 Mass. 1237 (1982) (any motion to adopt a report shall be deemed to include a motion to enter judgement in nonjury cases). Contrast Mass.R.Civ.P. 53(i)(4), as amended, 386 Mass. 1237 (1982) (court may strike report in whole or in part). Nor did Guertin so object in its motion to strike the master's report, filed on March 1, 2007. Later, after the June 5, 2007, judgment entered for NELCC, Guertin filed an emergency motion for relief from judgment on June 15, 2007 — but again did not object to a trial without a jury.

Not until the eleventh hour, in a June 24, 2008, letter by new counsel, and during the hearing on the status of the master's report on October 20, 2008, did Guertin finally object to a trial without a jury. The failure to object to the nonjury references prior to objections to the master's report does not, *alone*, constitute jury waiver. See *Johnson* v. *Post Motors, Inc.*, 7 Mass. App. Ct. at 857.[4] However, this deficiency, taken together with the prima facie evidence of jury waiver, supports the conclusion that jury waiver was established by the "whole evidence." See *Washington Natl. Bank* v. *Williams*, 190 Mass. at 503. Accordingly, we uphold the judge's ruling that both parties waived their jury trial rights.

2. *Other issues.* a. *93A claim.* Contending that Guertin acted in an unfair and deceptive manner, NELCC claims that the trial judge erred in ruling that "the defendant's breaches of contract did not amount to unfair or deceptive conduct in violation of G. L. c. 93A," and thus not awarding damages, costs and attorney's fees pursuant to G. L. c. 93A. We disagree.

"General Laws c. 93A, § 11, prohibits unfair or deceptive

---

[4] We note that Guertin objected to a trial without a jury at a later procedural date than the party in *Johnson* v. *Post Motors, Inc.*, *supra* (timely objection), but at an earlier procedural date than the party in *M.J. Pirolli & Sons, Inc.* v. *Massachusetts Equip. & Supply Corp.*, 9 Mass. App. Ct. 863, 864 (1980) (untimely objection). We need not decide whether Guertin's failure to object to a nonjury trial during the initial filing of the objections to the master's report was so untimely as to automatically constitute jury waiver.

acts or practices among those engaged in trade or commerce." *Diamond Crystal Brands, Inc.* v. *Backleaf, LLC,* 60 Mass. App. Ct. 502, 506-507 (2004), citing *Anthony's Pier Four, Inc.* v. *HBC Assocs.,* 411 Mass. 451, 474 (1991). However, "[n]ot every breach of contract constitutes a violation of G. L. c. 93A." *Id.* at 507. See *Whitinsville Plaza, Inc.* v. *Kotseas,* 378 Mass. 85, 100-101 (1979). A good faith dispute as to whether money is owed is not actionable under G. L. c. 93A. See *Duclersaint* v. *Federal Natl. Mort. Assn.,* 427 Mass. 809, 814 (1998). NELCC claims that this case is similar to *Diamond Crystal Brands,* in which this court reversed the trial judge's dismissal of the plaintiff's G. L. c. 93A claim. The situation here is distinguishable. The master's report explicitly states that Guertin and NELCC entered into their largest contract "in good faith with the intention of starting a long lasting business relationship." As the master's report found, there were genuine differences of opinion about the progression of the project, and questions of material shortages. Moreover, unlike the defendant in *Diamond Crystal Brands,* Guertin committed no coercive or extortionate acts. See *Diamond Crystal Brands, Inc.* v. *Backleaf, LLC, supra* at 508. In sum, the circumstances do not implicate G. L. c. 93A.

b. *Rule 11 claim.* We discern no merit in NELCC's contention that the judge abused his discretion in denying its motion for attorney's fees and sanctions pursuant to Mass.R.Civ.P. 11, 365 Mass. 753 (1974). See *Doe* v. *Nutter, McClennen & Fish,* 41 Mass. App. Ct. 137, 141-142 (1996). See also *Bird* v. *Bird,* 24 Mass. App. Ct. 362, 369-371 (1987). That the master may have characterized some of Guertin's testimony and arguments as "unreasonable," "incredible," and having "no merit" does not establish that counsel acted in bad faith. That a trier of fact disbelieves a party does not prove that the party's counsel had reason to know that the client's testimony was not accurate when offered. *Millennium Equity Holdings, LLC* v. *Mahlowitz,* 456 Mass. 627, 651-652 (2010).

For the foregoing reasons, the judgment is affirmed.

*So ordered.*