NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

16-P-694                                      Appeals Court

TCHAD CORT  vs.  ALVER MAJORS.

No. 16-P-694.

Suffolk.    May 10, 2017. - August 31, 2017.

Present: Milkey, Sullivan, & Henry, JJ.

Summary Process. Practice, Civil, Summary process, Jury trial,
     Waiver of trial by jury. Constitutional Law, Trial by
     jury, Waiver of constitutional rights.

Summary Process. Complaint filed in the Boston Division of
the Housing Court Department on September 2, 2015.

The case was heard by MaryLou Muirhead, J.

Carson Denny (Patricia Whiting also present) for the
defendant.
     Tchad Cort, pro se.

HENRY, J. The defendant tenant, Alver Majors (tenant),

appeals from a Housing Court judgment, entered following a bench

trial, that awarded to the plaintiff landlord, Tchad Cort

(landlord), possession of an apartment in which the tenant

resided. The trial judge also awarded damages to the landlord

for nonpayment of rent, reduced by the amount of relief granted

to the tenant on his counterclaims for breach of the covenant of

quiet enjoyment and breach of G. L. c. 93A.  The tenant argues that the judge erred by ruling that the tenant waived his right to a jury trial by failing to object to the commencement of a bench trial.  We conclude that the tenant did not waive his right to a jury, and therefore vacate the judgment.

Background.  The tenant lived for four years in the basement unit of the landlord's building at 96 Mount Pleasant Avenue in the Roxbury section of Boston, paying $600 per month in rent.  In April of 2015, the tenant ceased paying his rent.

In September, 2015, the landlord filed a claim for possession in the Housing Court due to the tenant's nonpayment of rent.  The tenant timely filed an answer and counterclaims alleging violations of the implied warranty of habitability and G. L. c. 93A, and breach of the covenant of quiet enjoyment. The tenant's answer included a request for a jury trial in the caption and in the body of the answer.  The tenant's jury claim was separately docketed.

The tenant and the landlord both appeared pro se on the date scheduled for trial.  When the case was called, the judge asked the tenant if he was prepared to move forward with the trial and he responded affirmatively.  The judge then asked the clerk to swear in the witnesses and called the landlord to the witness stand.  After the landlord had finished her testimony and while the tenant was midway through his own testimony, the

tenant stated, "I'd like a jury."  The judge replied that the trial had begun and that the tenant had waived that right.  The tenant responded, "You didn't tell me that."  After this exchange, the judge asked, "What else would you like to tell me, sir?" and the tenant continued with his testimony.

The judge awarded possession to the landlord, as well as damages for rent owed in the amount of $3,600.  The judge also awarded $2,400 in damages to the tenant for the conditions in the apartment, which partially offset the amount owed to the landlord, resulting in a net award to the landlord of $1,200.

Discussion.  The tenant argues that he was improperly denied his right to a jury trial under art. 15 of the Massachusetts Declaration of Rights[1] and G. L. c. 185C, § 21,[2]

---

[1] Article 15 of the Massachusetts Declaration of Rights provides, in pertinent part:

"In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practiced, the parties have a right to a trial by jury; and this method of procedure shall be held sacred, unless . . . the [L]egislature shall hereafter find it necessary to alter it."

[2] General Laws c. 185C, § 21, inserted by St. 1978, c. 478, § 92, provides, in pertinent part:

"All cases in the housing court department . . . shall be heard and determined by a justice . . . sitting without a jury, except . . . where a jury trial is required by the [C]onstitution of the [C]ommonwealth or of the United States and the defendant has not waived his rights to a trial by jury . . . ."

when the judge proceeded to a bench trial without obtaining his consent by written or oral stipulation to trial without a jury.

"The right of a trial by jury is declared by part 1, art. 15 of the Constitution of the Commonwealth of Massachusetts, which provides that 'parties have a right to a trial by jury; and this method of procedure shall be held sacred.'" Northeast Line Constr. Corp. v. J.E. Guertin Co., 80 Mass. App. Ct. 646, 649 (2011) (citation omitted). Article 15 is incorporated in Mass.R.Civ.P. 38(a), 365 Mass. 800 (1974) (rule 38),[3] which is in turn incorporated in rule 8 of the Uniform Summary Process Rules (1980) ("The provisions of Mass.R.Civ.P. 38 shall apply insofar as jury trial is available in the court where the action is pending").

Once a party has properly demanded a trial by jury, the case must proceed by jury trial unless there is a valid waiver by the parties or a judicial determination that the right to a jury trial is not applicable to some or all of the claims. Rule 39(a) of the Massachusetts Rules of Civil Procedure, as amended, 450 Mass. 1403 (2008) (rule 39), provides that such a jury trial right may be waived only if the parties file a written stipulation or make an oral stipulation in open court, or where

---

[3] Rule 38(a) provides, "The right of trial by jury as declared by Part 1, Article 15 of the Constitution of this Commonwealth or as given by a statute shall be preserved to the parties inviolate."

the court finds that a right to a jury trial "does not exist under the constitution or statutes of the Commonwealth." There is no dispute that there is a right to a jury trial in the Housing Court in an eviction case where, as here, the tenant properly asserted his right to a jury trial by including his request in his answer. See rule 8(1) of the Uniform Summary Process Rules ("in cases commenced in a court where jury trial is available, a demand for jury trial shall be filed with the court no later than the date on which the defendant's answer is due"). See also CMJ Mgmt. Co. v. Wilkerson, 91 Mass. App. Ct. 276, 281-282 (2017) (jury demand timely made in answer to complaint). Because the parties in this case did not file a written stipulation of their waiver of the right to a trial by jury, the question at issue is whether the tenant made an oral stipulation in open court.

On the day of trial, the judge asked the parties if they were prepared to proceed to trial and the tenant replied affirmatively. The tenant's statement that he was "prepared" to begin trial was not a stipulation of waiver of his right to a jury trial in open court. The judge's question did not notify the tenant that the judge would proceed without a jury, and the record contains no suggestion that the tenant authorized the judge to decide any issue of fact or knowingly relinquished his right to a jury trial. See Dole v. Wooldredge, 142 Mass. 161,

179-180 (1886) (waiver valid where "not done through any misleading, or surprise, or misapprehension, or inadvertence"). The judge here nonetheless concluded that the tenant waived his jury right by failing to object to the lack of a jury until midway through his testimony. Rule 39 requires at least an oral stipulation of waiver. We think the effect of rules 38 and 39 is to assign to the judge a responsibility in cases where a jury trial has been demanded to affirmatively inquire of the parties, before any witness is sworn, whether the case will proceed with or without a jury. The rules are not satisfied by commencing a bench trial and awaiting an objection by a party. In this case, therefore, where the tenant objected promptly once he realized that the matter was being tried without a jury, the tenant did not waive his right to trial by jury by failing to object when the judge started a bench trial.[4]

---

[4] We note that in some circumstances, failure to object to a bench trial may constitute waiver of a jury trial. See Casperone v. Landmark Oil & Gas Corp., 819 F.2d 112, 116 (5th Cir. 1987) (party's "failure to timely object at any time during the course of a nonjury trial constitutes a waiver of that right"); CoxCom, Inc. v. Chaffee, 536 F.3d 101, 110-111 (1st Cir. 2008) (finding waiver where pro se party actively participated in bench trial without objecting until after trial). Compare Solis v. Los Angeles, 514 F.3d 946, 955-957 (9th Cir. 2008) (finding that local rule providing that party forfeits jury trial right by failing to satisfy additional procedural requirements such as filing jury instructions and special verdict forms is inconsistent with rules 38 and 39 and that participation in bench trial after objection does not waive jury trial right).

We understand that "a significant number of litigants appear without counsel in the Housing Court and may be unfamiliar with the Uniform Rules of Summary Process." CMJ Mgmt. Co., supra at 283. We also recognize the demanding caseload of the Housing Court and "that presiding over cases involving self-represented litigants can sometimes be difficult and challenging." Ibid. Rule 39 nevertheless requires that once a party asserts a right to trial by jury, that party must affirmatively waive that right before a bench trial may proceed.[5]

Given our disposition on the issue of jury waiver and in light of the recent ruling in South Boston Elderly Residences, Inc. v. Moynahan, 91 Mass. App. Ct. 455, 462-467 (2017), we do not reach the issues of possession and damages.[6]

Conclusion. For the foregoing reasons, the judgment is vacated.

So ordered.

---

[5] Of course, the trial judge may explain to the parties the differences between a jury trial and a bench trial.

[6] For example, the record appears to indicate that an inspector from the Boston inspectional services department determined that the remedy for the violation of the applicable State building code is to "remove [the] illegal[ly] buil[t] basement apartment." Nonetheless, the tenant urges that possession was awarded to the landlord in error. One consideration on retrial is whether, if the unit is illegal or uninhabitable, the conditions can be rectified and, if so, whether they can be rectified without the tenant vacating the apartment. We express no opinion on this issue.