NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-17

SEBASTIEN DJESSOUHO

vs.

ASIMA JONES & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff brought the underlying suit under G. L. c. 151B, § 4, claiming employment discrimination and retaliation.  While working as a storeroom clerk for the Taj Hotel in Boston,[2] the plaintiff applied for an open position for an accounts receivable clerk, but the hotel hired another applicant.  The plaintiff claims that this decision was

---

[1] Richard Brideau, Dinesh Khandka, and IHMS (Boston) LLC, doing business as Taj Boston.

[2] Defendant IMHS (Boston) LLC owns the Taj Hotel.  For convenience we will refer to this defendant as "the hotel."  The complaint also names three hotel employees as defendants, although only the hotel is named in the judgment and has filed a brief on appeal.  A fifth defendant, IHMS, LLC, was dismissed from the case without opposition.

unlawfully based on his age, race, color, and national origin. He further claims that the hotel later terminated his employment in retaliation for his filing a charge with the Massachusetts Commission Against Discrimination (MCAD).  After a jury-waived trial, a Superior Court judge found that the plaintiff failed to prove his claims, and judgment entered in favor of the defendants.  The plaintiff appeals, arguing that he did not validly waive his right to a jury trial and that the judge made clearly erroneous factual findings.  We affirm.

1.  Adequacy of the record.  We note at the outset that the plaintiff failed to provide us with a complete trial transcript and copies of the trial exhibits, without which we cannot review his arguments on appeal.  It was the plaintiff's "responsibility to ensure that the record is adequate for appellate review," and "his failure to do so is fatal to his appeal" (citation omitted).  Roby v. Superintendent, Mass. Correctional Inst., Concord, 94 Mass. App. Ct. 410, 412 (2018).  Although we could affirm on this basis alone, we will exercise our discretion to address the plaintiff's arguments, as the hotel has submitted the materials necessary for our review in a supplemental appendix.

2.  Jury trial waiver.  Parties in a civil case may waive a jury trial "by written stipulation filed with the court or by an

2

oral stipulation made in open court and entered in the record." Mass. R. Civ. P. 39 (a) (1), as amended, 450 Mass. 1403 (2008). We review a judge's finding of waiver for clear error. See Northeast Line Constr. Corp. v. J.E. Guertin Co., 80 Mass. App. Ct. 646, 650 (2011). Here, the plaintiff stated in open court that he was "for a bench trial," and the parties then signed a jury waiver form. We see no support for the plaintiff's claim that the judge "coerced him into a bench trial." To the contrary, the judge carefully explained to the plaintiff the differences between a jury trial and a bench trial and then allowed him to review the jury waiver form with the assistance of an interpreter before he signed it. The plaintiff cites no authority for his contention that the requirement of a colloquy, which applies in criminal cases, is "equally applicable in civil cases." The judge complied with the requirements of rule 39 (a) (1) and did not commit clear error in finding that the parties waived their jury trial rights. See Northeast Line Constr. Corp., supra at 652-653.

3. Merits. We review a judge's findings of fact in a bench trial for clear error. See H1 Lincoln, Inc. v. South Washington St., LLC, 489 Mass. 1, 13 (2022). A finding is only clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has

3

been committed." Id., quoting Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509 (1997).

The judge did not clearly err in finding that the plaintiff failed to prove that the hotel unlawfully discriminated against him by selecting the other applicant for the open position. The decisionmaker, Dinesh Khandka, testified that the job of accounts receivable clerk is more oriented toward customer service and that the other applicant was superior to the plaintiff in terms of communication skills, fluency in English, and experience working with hotel guests. Assessing the credibility of witnesses is within the purview of the trial judge. See Robert & Ardis James Found. v. Meyers, 474 Mass. 181, 186 (2016). Here, the judge expressly credited Khandka's testimony, which supports the judge's findings that the hotel had legitimate nondiscriminatory reasons for hiring the other applicant and that those reasons were not pretextual.

Nor did the judge clearly err by finding that the plaintiff failed to prove retaliation. The hotel presented evidence showing that it terminated the plaintiff's employment because of an altercation he had with a coworker, April Geyer, and not because he filed a charge with the MCAD. According to Geyer's testimony, which the judge credited, after she questioned the plaintiff about an order, he yelled and screamed at her, put his

4

finger in her face, and blocked her in a corner.  Although the plaintiff contends that Geyer was not credible because of her inability to recall certain facts, again, it was for the judge to assess witness credibility.  See Robert & Ardis James Found., 474 Mass. at 186.  Moreover, as the judge observed, Geyer's testimony was corroborated by an internal complaint she filed at the time of the incident and by the hotel's investigative reports.  The judge found that there was no evidence to suggest that the investigation was a sham or that the reason put forth by the hotel for its termination decision was pretextual.  We discern no clear error in the judge's findings and thus no reason to disturb the judgment.[3]

Judgment affirmed.

By the Court (Desmond, Shin & Walsh, JJ.[4]),

Clerk

Entered:  December 4, 2025.

---

[3] We deny the hotel's request for appellate attorney's fees. The hotel is entitled to the costs of the appeal in the ordinary course.  See Mass. R. A. P. 26 (a), as appearing in 481 Mass. 1655 (2019).

[4] The panelists are listed in order of seniority.

5